STATE of Alaska, Petitioner,

v.

Frank STAGNO, Respondent.

No. A–1585.

Court of Appeals of Alaska.

July 17, 1987.

Rehearing Denied Sept. 23, 1987.

---

4. *See, e.g., State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

Jeffrey O'Bryant, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Grace Berg Schaible, Atty. Gen., Juneau, for appellant.

Dick L. Madson, Fairbanks, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

The issue presented in this case is whether a court may revoke the driver's license and forfeit the vehicle of a person convicted of driving while intoxicated on public property in an airboat. The trial judge, Judge H.E. Crutchfield, ruled that he had no authority to revoke a driver's license or forfeit the vehicle under these circumstances.

Frank Stagno spent the evening of August 23, 1985, airboating on the Chena and Tanana rivers with two friends. Stagno was operating a fifteen-foot 1985 Air Gator airboat, powered by a 455 cubic inch Buick engine. The three men headed back to Fairbanks around midnight or 1:00 a.m. on August 24, 1985. They beached their airboats and went to a local bar where they drank alcoholic beverages. Stagno's friends each bet him $200 that he could not take them, via airboat, from their present location to a nearby topless bar. The destination was about three-quarters of a mile away, over land. Stagno apparently accepted the bet, because the three men boarded Stagno's airboat, and headed for the next bar.

Herbert Sobey, who had driven from Anchorage to Fairbanks on business, caught sight of the "vehicle" in his rearview mirror. Sobey thought that it was an airplane about to crash into the bed of his truck and kill him. Sobey eventually realized that it was an airboat moving on land. He reported the incident to the night personnel at his motel, who then called the Alaska State Troopers.

Meanwhile, Stagno was contacted by airport security police. They told him to return the boat to the water since it was a traffic hazzard. As Stagno was complying, he was stopped by a state trooper who ultimately arrested him for driving while intoxicated (DWI). Stagno's Intoximeter reading was .197. Following a jury trial, Stagno was convicted of DWI. It was his third such conviction in ten years.

At sentencing on May 30, 1986, the state pointed out that Stagno was subject to the mandatory minimum penalties for DWI: thirty days in jail, a $1,000 fine, and alcohol rehabilitation counseling. Stagno did not challenge this assertion, and the court imposed sentence accordingly. The state also argued that Judge Crutchfield was re-

quired to revoke Stagno's driver's license and was authorized to forfeit the airboat. Judge Crutchfield concluded that he did not have the authority to take either of those actions. The state petitioned for review. Stagno also urged us to resolve this question in order to help clarify the status of his driver's license with the division of motor vehicles. We accepted review.

The relevant statutes which authorize the revocation of a driver's license and forfeiture of a motor vehicle are AS 28.15.-181, AS 28.35.030, and AS 28.35.036. They provide, in pertinent part:

*AS 28.15.181. Court suspensions, revocations, and limitations.* (a) Conviction of any of the following offenses is grounds for the immediate revocation of a driver's license:

. . . .

(5) driving a motor vehicle while intoxicated;

. . . .

(b)(2)(c) A court convicting a person of an offense described in (a)(5) or (8) of this section *arising out of the operation of a motor vehicle for which a driver's license is required* shall revoke that person's driver's license.... The court may not ... grant limited license privileges for the following periods:

. . . .

(3) not less than ten years if, within the preceding ten years, the person has been previously convicted of more than one of the following offenses or has more than once been previously convicted of one of the following offenses:

(A) an offense described in (a)(5) or (8) of this section. [Emphasis added.]

*AS 28.35.030. Operating a vehicle, aircraft or watercraft while intoxicated.*

. . . .

(b) Driving while intoxicated is a class A misdemeanor.

(c) ... In addition, *if the offense involved driving a motor vehicle for which a driver's license is required,* the person's driver's license shall be revoked in accordance with AS 28.15.181 and the vehicle used in commission of the offense may be forfeited under AS 28.35.036. [Emphasis added.]

*AS 28.35.036. Forfeiture of motor vehicle.* (a) After conviction of an offense under AS 28.35.030 or AS 28.35.032 *involving a motor vehicle of a type for which a driver's license is required,* the state may move the court to order the forfeiture of the motor vehicle involved in the commission of the offense.... [Emphasis added.]

In arguing that Judge Crutchfield had the authority to revoke Stagno's driver's license, the state points to AS 28.15.011 which provides, in pertinent part:

*Drivers must be licensed.* (a) A person may not be denied the privilege to drive a motor vehicle upon a highway in the state, except as prescribed by law.

(b) Every person exercising the person's privilege to drive, or exercising any degree of physical control of a motor vehicle *upon a highway, vehicular way or area, or other public property in this state,* is required to have in the possession of the person a valid Alaska driver's *license issued under the provisions of this chapter for the type or class of vehicle driven,* unless expressly exempted by law from this requirement. [Emphasis added.]

The state argues that this statute requires everyone who drives a motor vehicle on public property to have a driver's license. In deciding that this statute did not require a person who drove an airboat on public property to have a driver's license, Judge Crutchfield pointed out that a former version of this statute seemed to require a person to have an operator's license to operate any motor vehicle on a highway. Former AS 28.15.010 provided:

*Operators must be licensed.* No person, except those hereinafter expressly exempted, may drive a motor vehicle upon a highway in this state unless the person is licensed as an operator under this chapter.

Judge Crutchfield concluded that current AS 28.15.010 seemed to emphasize that a person had to have a license "for the type and class of vehicle driven" rather than

requiring every person who drove a motor vehicle on a highway to have a driver's license. Judge Crutchfield also pointed out that AS 28.15.041 authorizes the Commissioner of Public Safety to "provide by regulation for the classification of drivers' licenses." The regulations established by the Commissioner do not provide for a driver's license for an airboat.[1] In other words, there are driver's license provisions for certain types of vehicles, and no such provisions for other types of vehicles, such as airboats. This supports Judge Crutchfield's conclusion.

▬▬▬ We are even more persuaded to uphold Judge Crutchfield's ruling by the language of the forfeiture statute, passed in 1983. Alaska Statute 28.35.036 provides, in pertinent part:

> *Forfeiture of motor vehicle.* (a) After conviction of an offense under AS 28.35.030 or AS 28.35.032 *involving a motor vehicle of a type for which a driver's license is required,* the state may move the court to order the forfeiture of the motor vehicle involved in the commission of the offense.... [Emphasis added.]

It seems reasonable that this statute must be read in conjunction with the other statutes providing for penalties for DWI. Alaska Statute 28.35.036 states directly that it is concerned with the types of vehicles for which a license is required, rather than dealing with the location in which a vehicle is operated (*i.e.,* on public property). Reading all the statutes in context, we conclude that an airboat is not "a motor vehicle of a type for which a driver's license is required" and that the present offense does not arise "out of the operation of a motor vehicle for which a driver's license is required." It follows that AS 28.15.181(c) and AS 28.35.030, which provide for mandatory revocation of a driver's license if the person is convicted of DWI for operating a motor vehicle for which a driver's license is required, do not apply to Stagno. Neither does AS 28.35.036, which authorizes forfeiture of a motor vehicle "of a type for which a driver's license is required."[2]

However, we note that there is an argument that AS 28.15.181(a)(5) authorizes the court to revoke Stagno's driver's license, even if the mandatory revocation provisions of AS 28.15.181(c) and AS 28.35.030 would not apply to him. The state has not argued this position. In deciding this case, we found Judge Crutchfield's analysis of the interplay among the various statutes and their predecessors to be distinctly helpful in deciding the issues which were presented to us. Consequently, we are re-

---

1. *13 AAC 08.150. CLASSES OF LICENSES.* (a) An applicant for a classified license, or for an endorsement to a classified license must submit to an examination appropriate to the class of license or endorsement for which the person is applying.

   (b) The classifications of driver [sic] licenses, and the vehicles which a holder of each class or subclass of license may operate, are as follows:

   (1) Class A License—motor-driven cycles, cars, buses, trucks, and towed vehicles.

   (2) Class B License—Motorized cycles. A person holding a Class "B" driver's license may only operate the vehicles designated in one of the following subclassifications as indicated upon the person's license:

   (A) B–1: motorcycles, motor-driven cycles, and motorized bicycles, singly or in combination with trailers or sidecars designed to be used with these vehicles;

   (B) B–2: motor-driven cycles and motorized bicycles.

   (c) To operate a school bus transporting school children, a person is required to have a valid Class A license, and a valid school bus driver permit as prescribed in AS 28.15.041(b) and 13 AAC 08.005—13 AAC 08.060. This permit is the "license" referred to in AS 28.15.041(b).

   (d) A holder of a classified license who wishes to change the classification on the license, or to obtain an additional endorsement for another class of license must make an application for a change or endorsement, and must submit to an appropriate examination for the change or endorsement for which the licensee is applying. An applicant for a change in classification or an endorsement must pay the appropriate fee set out in AS 28.15.271.

2. The principle of statutory construction that ambiguities in criminal statutes must be narrowly read and construed strictly against the government also supports our decision. *State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985), *aff'd,* 723 P.2d 85 (Alaska 1986); 3 C. Sands, *Sutherland Statutory Construction,* § 59.03 (4th ed. 1986).

luctant to decide this unbriefed issue without giving the district court an opportunity to rule on this issue first.

We therefore decline to decide, at this time, whether AS 28.15.181(a)(5) gives the court discretionary authority to revoke Stagno's driver's license. We remand this case to the district court for further proceedings consistent with this opinion.

The judgment of the district court is AFFIRMED and the case is REMANDED to the district court for further proceedings.