STATE of Alaska, Appellant,

v.

Mitchell STRAETZ, Appellee.

No. A–2479.

Court of Appeals of Alaska.

Aug. 5, 1988.

---

Ernst Wendl, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellant.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

█ Mitchell Straetz drove a Honda three-wheeler on University Avenue in Fairbanks on December 7, 1987, while his license was in suspended status for failure to obtain SR–22 insurance. He was charged with driving while license suspended (DWLS) in violation of AS 28.15.291(a). He filed a motion to dismiss prosecution, which was granted by District Court Judge Christopher E. Zimmerman. The state appeals Judge Zimmerman's order of dismissal.[1]

█ Under AS 28.15.291(a), a person may not drive a motor vehicle on a highway when that person's license has been suspended. "Motor vehicle" is defined in AS 28.40.100(a)(7) as "a vehicle which is self-propelled except a vehicle moved by human or animal power." The state contends that a common sense construction of AS 28.15.-291(a) prohibits a person with a suspended license from operating any motor vehicle on a highway or vehicular way.

Straetz argues that he did not need a license to drive the three-wheeler. *State v. Stagno*, 739 P.2d 198, 201 (Alaska App. 1987). Straetz contends that since it is legal to operate an off-road vehicle without a license, the legislature could not have intended to penalize him for doing so.

While it is true that under AS 28.15.011 the driver of a three-wheeler is not required to have a driver's license, the express and unambiguous terms of AS 28.15.-291(a) prohibited Straetz from driving any motor vehicle on a highway once his operator's license was suspended. The prohibition did not hinge on the nature of the

---

1. Straetz contends that the state cannot appeal from the trial court's order. The dismissal is based upon the trial court's conclusion that the state's complaint does not state a criminal charge under which Straetz can be prosecuted. We conclude that the order of dismissal is appealable under *Kott v. State*, 678 P.2d 386, 388–90 (Alaska 1984).

motor vehicle, but rather on Straetz's demonstrated danger as a driver, as evidenced by his license suspension. Alaska Statute 28.15.291(a) creates no exception that would allow a driver whose license has been suspended to drive on a highway in a motor vehicle that does not require a licensed driver. The statute, on its face, applies to all motor vehicles. Subsection (a) provides, in relevant part:

A person may not drive a motor vehicle on a highway ... when that person's driver's license ... has been canceled, suspended or revoked[.]

We see nothing irrational in the legislature's apparent conclusion that a person whose license has been suspended should be prohibited from driving any motor vehicle on a highway, even one for which an operator's license would not otherwise be required.

*Stagno* is readily distinguishable. There, the defendant was convicted of driving while intoxicated (DWI) for operating an airboat on a highway. At issue was whether the sentencing court was empowered to suspend Stagno's license as a result of the conviction. We concluded that the express statutory language governing suspension of licenses for DWI authorized suspension only where the DWI involved the driving of a vehicle for which a license is required. *Stagno,* 739 P.2d at 200–01. *See also* AS 28.15.181(b)(2), (c); AS 28.35.030. By contrast, in the present case, the express statutory language contains no comparable restriction, and it is undisputed that Straetz's license was originally suspended for his driving of a motor vehicle for which a license was required.

We conclude that the district court erred in dismissing the charge against Straetz. The order is VACATED and the case is REMANDED for further proceedings in the district court.