**STATE of Alaska, Appellant,**

v.

**Karl Albin BENOLKEN, Appellee.**

**No. A–4145.**

Court of Appeals of Alaska.

Oct. 9, 1992.

---

Stephen R. West, Asst. Dist. Atty., Ketchikan, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

Theresa R. Chenhall, Asst. Public Defender, Ketchikan, and John B. Salemi, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Fifteen-year old Carl Albin Benolken was charged with driving without a valid operator's license after he drove his all terrain three-wheeler on a public roadway in Craig, Alaska, on December 29, 1990. AS 28.15.-011(b). District Court Judge George L. Gucker dismissed the charge, concluding that the driver of a three-wheeler is not required to have a driver's license. The state appeals from this order of dismissal.

Alaska Statute 28.15.011(b) reads:

(b) Every person exercising the person's privilege to drive, or exercising any degree of physical control of a motor vehicle upon a highway, vehicular way or area, or other public property in this state, is required to have in the possession of the person a valid Alaska driver's license issued under the provisions of this chapter for the type or class of vehicle driven, unless expressly exempted by law from this requirement.

Alaska Statute 28.15.041(a) authorizes the commissioner of public safety to provide by regulation for the type or class of vehicle for which a driver must be licensed.[1] Former 13 AAC 08.150, in effect at the time Benolken was cited, specified which vehicles were subject to driver's license requirements:

(a) An applicant for a classified license, or for an endorsement to a classified license must submit to an examination appropriate to the class of license or endorsement for which the person is applying.

(b) The classifications of driver licenses, and the vehicles which a holder of each class or subclass of license may operate, are as follows:

(1) Class A license—motor-driven cycles, cars, buses, trucks and towed vehicles....

(2) Class B license—Motorized cycles. A person holding a Class "B" driver's license may operate the vehicles designated in one of the following subclassifications as indicated upon the person's license:

(A) B-1: *motorcycles, motor-driven cycles, and motorized bicycles,* singly or in combination with trailers or sidecars designed to be used with these vehicles;

(B) B-2: *motor-driven cycles and motorized bicycles.*

(Emphasis added).

The state contends Benolken was required to have a driver's license because three-wheelers fall under the definition of "motorcycle" and "motor-driven cycle"[2] as

---

1. Alaska Statute 28.15.041(a) reads, in relevant part:

**Classification of drivers' licenses.** (a) *The commissioner shall provide by regulation for the classification of drivers' licenses.* The regulations must specify license classifications that are reasonably necessary for the safe operation of the various types, sizes and combinations of motor vehicles. The regulations must also establish medical standards, standards of driving conduct and proficiency, and other standards governing the issuance, renewal, or denial of these licenses. The department may examine each applicant to determine the applicant's qualifications according to the class of license applied for, and upon issuing a driver's license the department shall indicate on the license the classification for which an applicant for a license has qualified by examination. The *regulations and any subsequent modifications under this section become effective only if approved by a concurrent resolution adopted by a majority vote of each house of the legislature.* (Emphasis added).

2. AS 28.40.100(a)(8) provides:

"motorcycle" means a vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground; the term does not include a tractor[.]

AS 28.40.100(a)(9) states:

"motor-driven cycle" means a motorcycle, motor scooter, motorized bicycle or similar conveyance with a motor attached and having an

used in 13 AAC 08.150(b) and the definition of "vehicle" as used in AS 28.15.011(b).[3]

Benolken contends a three-wheeler does not qualify as a motorcycle, motor-driven cycle, or vehicle because three-wheelers are designed and constructed for off-road usage and are therefore not subject to registration laws. *See* AS 28.10.011; 13 AAC 40.010(30).[4] Benolken further notes that the Chief of Driver Services for the Division of Motor Vehicles (DMV) testified that the DMV will not license three-wheelers. Finally, Benolken points out that in *State v. Straetz*, 758 P.2d 133 (Alaska App.1988), we stated that "under AS 28.15.011 the driver of a three-wheeler is not required to have a driver's license." *Id.* at 134.

We agree with the state's contention that a three-wheeler falls under the definition of motorcycle in 13 AAC 08.150. The DMV's failure to specifically license three-wheelers does not exempt drivers of three-wheelers from the requirement of AS 28.15.011(b), that before driving on a highway or vehicular way they procure a license for the type or class of vehicle that encompasses three-wheelers. Under 13 AAC 08.150(b)(2), that type or class is "motorcycle." The underlying purpose of AS 28.15.011 is to ensure that all drivers are capable of safely driving on the highways and vehicular ways and areas across the state. Requiring the drivers of three-wheelers to be licensed when traveling on a highway comports with this purpose.

We likewise reject Benolken's argument that we should look to the registration laws for guidance in resolving this issue. The registration laws are designed to ensure that a vehicle is safe to drive, whereas, driver's license laws are designed to ensure that the driver is capable of driving in public. In our view, unlicensed three-wheeler operators should not be permitted to drive with impunity on the Alaska highways merely because the legislature does not require them to be licensed to drive the vehicles off road.

Benolken's reliance on *State v. Straetz* is not persuasive. In *Straetz*, the defendant

---

engine with 50 or less cubic centimeters of displacement[.]

**3.** AS 28.40.100(a)(7) states:

"motor vehicle" means a vehicle which is self-propelled except a vehicle moved by human or animal power[.]

AS 28.40.100(a)(17) provides:

"vehicle" means a device in, upon, or by which a person or property may be transported or drawn upon or immediately over a highway or vehicular way or area except devices used exclusively upon stationary rails or tracks[.]

**4.** 13 AAC 40.010(30) states:

(30) "off-highway vehicle" means a vehicle designed or adapted for cross-country operation over unimproved terrain, ice or snow, and which has been declared by its owner at the time of registration and determined by the department to be *unsuitable for general highway use, although the vehicle may make incidental use of a highway* as provided in this title; it does not include implements of husbandry and special mobile equipment[.]
(Emphasis added).

AS 28.10.011 provides:

**Vehicles subject to registration.** *Every vehicle driven, moved, or parked upon a highway or other public parking place in the state shall be registered* under this chapter except when the vehicle is

(1) driven or moved on a highway only for the purpose of crossing the highway from one private property to another, including an implement of husbandry as defined by regulation;

(2) driven or moved on a highway under a dealer's plate or temporary permit as provided for in AS 28.10.031 and 28.10.181(j);

(3) special mobile equipment as defined by regulation;

(4) owned by the United States;

(5) moved by human or animal power;

(6) exempt under 50 U.S.C.App. 501–591 (Soldiers' and Sailors' Civil Relief Act);

(7) driven or parked only on private property;

(8) the vehicle of a nonresident as provided under AS 18.10.121;

(9) a commercial interstate vehicle under AS 28.10.141;

(10) transported under a special permit under AS 28.10.151;

(11) being driven or moved on a highway, vehicular way, or a public parking place in the state that is not connected by a land highway or vehicular way to

(A) the land-connected state highway system, or

(B) a highway or vehicular way with an average daily traffic volume greater than 499;

(12) a mobile home as defined by regulation;

(13) an implement of husbandry operated in accordance with the provisions of AS 19.-10.065.
(Emphasis added.)

was charged with driving while license was in suspended status (DWLS) [for failure to obtain SR–22 insurance] after he drove his three-wheeler on a public street. The trial court dismissed the case and the state appealed. *Id.* at 134.

On appeal, Straetz argued that he did not need a license to drive the three-wheeler. *State v. Stagno*, 739 P.2d 198, 201 (Alaska App.1987). According to Straetz, because it was legal to drive an off-road vehicle such as a three-wheeler without a license, the legislature could not have intended to penalize him for having done so. *Id.* This court vacated the order of dismissal, stating:

> *While it is true that under AS 28.15.011 the driver of a three-wheeler is not required to have a driver's license,* the express and unambiguous terms of AS 28.15.291(a) prohibited Straetz from driving any motor vehicle on a highway once his operator's license was suspended. The prohibition did not hinge on the nature of the motor vehicle, but rather on Straetz's demonstrated danger as a driver, as evidenced by his license suspension. Alaska Statute 28.15.291(a) creates no exception that would allow a driver whose license has been suspended to drive on a highway *in a motor vehicle that does not require a licensed driver.* The statute, on its face, applies to all motor vehicles.... We see nothing irra-tional in the legislature's apparent conclusion that a person whose license has been suspended should be prohibited from driving any motor vehicle on a highway, *even one for which an operator's license would not otherwise be required.*

*Id.* at 134–35 (emphasis added).

In *Straetz,* we accepted as correct the defendant's contention: that "the driver of a three-wheeler is not required to have a driver's license" because it did not affect the result in that case. We concluded that, even if a three-wheeler was not required to be licensed, its driver could nonetheless be charged with DWLS if the driver's license for his automobile was suspended and he drove his three-wheeler on the highway. The statement that "the driver of a three-wheeler is not required to have a driver's license" was unnecessary to the decision in that case and we disavow that language to the extent it is inconsistent with our present decision.

Accordingly, the order of dismissal is VACATED.