THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY STATON, Defendant-Appellant.

Second District   No. 2—91—1107

Opinion filed August 17, 1993.

John H. Vogt, of Beckmire, Garrity & Vogt, of Freeport, for appellant.

Michael P. Bald, State's Attorney, of Freeport (William L. Browers, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

The circuit court found defendant, Terry Staton, guilty of driving under the influence of alcohol (Ill. Rev. Stat. 1991, ch. 95½, par. 11—

501 (now 625 ILCS 5/11—501 (West 1992))), driving while his driver's license was revoked (Ill. Rev. Stat. 1991, ch. 95½, par. 6—303 (now 625 ILCS 5/6—303 (West 1992))), disobeying a stop sign (Ill. Rev. Stat. 1991, ch. 95½, par. 11—1204(b) (now 625 ILCS 5/11—1204(b) (West 1992))), illegal operation of a snowmobile (Ill. Rev. Stat. 1991, ch. 95½, par. 605—2(A) (now 625 ILCS 40/5—2(A) (West 1992))), and operating a snowmobile without a valid driver's license (Ill. Rev. Stat. 1991, ch. 95½, par. 605—3(D)(1) (now 625 ILCS 40/5—3(D)(1) (West 1992))). Defendant appeals, contending that the court erred in holding that the general provisions of the Illinois Vehicle Code (Vehicle Code or Code) (Ill. Rev. Stat. 1991, ch. 95½, par. 1—101 *et seq.* (now 625 ILCS 5/1—101 *et seq.* (West 1992))) apply to snowmobiles.

Early in the morning of December 9, 1990, Jimmy Hartney, a part-time Lena police officer, saw defendant, whom he recognized, walk across a municipal parking lot. Hartney was parked in the lot, and defendant passed within 15 feet of him. A few minutes later, Hartney saw a snowmobile, which did not appear to have its lights on, travel through an alley.

Hartney drove a few blocks to determine where the snowmobile went. At the intersection of Mason and Rantoul Streets, he saw the snowmobile westbound on Mason and turning west onto Oak Street. The officer followed the snowmobile for some distance down the street. Hartney activated the lights on his squad car and attempted to stop the snowmobile to inform the driver that the route he was taking "was not the most direct route out of town" and "was not the snowmobile route."

The snowmobile did not stop immediately, but stopped a block later when the officer pulled his car in front of it. After the snowmobile driver removed his helmet, Hartney recognized him as defendant. Hartney ran a test of defendant's driver's license and discovered that it was revoked. Upon making some observations and conducting some tests, Hartney determined that defendant was intoxicated. Defendant was charged with the offenses listed above.

Defendant waived a jury trial. After a bench trial, the court found him guilty of all charges. In closing argument and in his post-trial motion, defendant argued that he could not be convicted of driving under the influence of alcohol, driving with a revoked license or disobeying a stop sign because those offenses require that defendant be driving a "vehicle" or "motor vehicle" and that a snowmobile is not a vehicle or motor vehicle as defined by the Code. The court rejected this argument, found defendant guilty of all charges, and denied his post-trial motion. Defendant filed a timely notice of appeal.

On appeal, defendant again presses his argument that a snowmobile is not a "vehicle" or "motor vehicle" as defined by the Code. Defendant does not challenge his convictions of the two snowmobile offenses. He contends, however, that he could not be convicted of the three Code offenses.

The Code contains the following definitions:

> "Vehicle. Every device, in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power, devices used exclusively upon stationary rails or tracks and snowmobiles as defined in the Snowmobile Registration and Safety Act." Ill. Rev. Stat. 1991, ch. 95½, par. 1—217 (now 625 ILCS 5/1—217 (West 1992)).

> "Motor vehicle. Every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, except for vehicles moved solely by human power and motorized wheelchairs." Ill. Rev. Stat. 1991, ch. 95½, par. 1—146 (now 625 ILCS 5/1—146 (West 1992)).

Defendant points out that each of the three general statutes under which he was convicted requires as an essential element that the defendant be operating a vehicle or motor vehicle. For example, section 6—303 provides, "Any person who drives or is in actual physical control of a *motor vehicle* on any highway of this State at a time when such person's driver's license, permit or privilege to do so *** is revoked or suspended as provided by this Code *** shall be guilty of a Class A misdemeanor." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 95½, par. 6—303(a) (now 625 ILCS 5/6—303(a) (West 1992)).

Defendant points out that the legislature has enacted a separate statute, the Snowmobile Registration and Safety Act (the Act) (Ill. Rev. Stat. 1991, ch. 95 ½, par. 601—1 *et seq.* (now 625 ILCS 40/1—1 *et seq.* (West 1992))), specifically regulating the registration and operation of snowmobiles. He posits that the creation of the Act and the exclusion of snowmobiles from the definition of vehicle under the Code expressed the legislature's intention to create a separate statutory scheme to regulate snowmobiles. Thus, he contends that he cannot be convicted of any offense under the Code while operating a snowmobile.

The State responds that statutes having similar purposes must be construed in *pari materia*. According to the State, the legislature could not have intended to exempt completely snowmobiles from the "rules of the road" provisions of the Code and subject them only to

the less stringent regulations of the Act. Therefore, the State concludes that certain provisions of the Code must be read as applying to snowmobiles where the context clearly requires it. The State relies on section 1—101 of the Code, which defines various words and phrases used therein and provides that those words and phrases for purposes of the Code shall have the meanings respectfully ascribed to them, except when the context otherwise requires and except where another definition set forth in another chapter of the Code and applicable to that chapter or a designated part thereof is applicable. Ill. Rev. Stat. 1991, ch. 95½, par. 1—101.

Although it is indeed simplistic, there is merit in defendant's position that the plain language of the definition section demonstrates the legislature's intention to exclude snowmobiles from the Vehicle Code's general provisions. "The statutory language used by the legislature is usually the best indication of the intent of the drafters. [Citations.] Such language is to be given its plain or ordinary and popularly understood meaning." (*Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 111.) The plain and ordinary meaning of "[e]very device *** except *** snowmobiles" as a definition of a vehicle is that a snowmobile is not a vehicle. (Ill. Rev. Stat. 1991, ch. 95½, par. 1—217 (now 625 ILCS 5/1—217 (West 1992)).) To say that the disclaimer in section 1—101, that the definitions apply except where the context indicates otherwise, applies to this situation is for the exception to swallow the rule. The State is able to identify only two sections of the Vehicle Code to which the definition might apply: the registration provisions, which are clearly superseded by the Act, and portions of the equipment provisions which are inappropriate for a snowmobile, such as the requirement of rubber tires. It appears that the "general" definition would apply in fewer instances than the exception.

Moreover, such an interpretation would create uncertainty concerning what conduct is prohibited. Due process requires that the proscription of a criminal statute be clearly defined and provide sufficiently definite warning concerning the proscribed conduct when measured by common understanding and practices. (*People v. Williams* (1990), 133 Ill. 2d 449, 451-52.) This is necessary so that "the person of ordinary intelligence [has] a reasonable opportunity to know what is prohibited" and can act accordingly. (*Williams*, 133 Ill. 2d at 452.) It is not clear that a person of ordinary intelligence will be able to determine when "context" dictates that a snowmobile be considered a vehicle embraced by the Code and when it does not.

The State warns of dire consequences if snowmobiles are allowed to run rampant on the highways of the State without regulation. The State even suggests that the Vehicle Code may work an unconstitutional denial of equal protection by treating snowmobilers differently from operators of other types of vehicles. The State suggests there is no rational basis for this distinction. However, the State also appears to contradict itself, suggesting there is a legitimate difference between snowmobiles and other vehicles.

Snowmobiles are not intended to be operated on highways. It is illegal to drive one on a highway except in very limited circumstances. (Ill. Rev. Stat. 1991, ch. 95½, par. 605—2 (now 625 ILCS 40/5—2 (West 1992)).) Under ordinary road conditions, it would be impractical, if not impossible, to run a snowmobile on a highway for any length of time. Most of the time, the asserted threat of unregulated snowmobiles running rampant on the highways is minimal. Moreover, snowmobiles are smaller and lighter than passenger cars. Even if one were operated on a highway, the extent of its threat to other vehicles is questionable. For these reasons, the legislature could have rationally concluded that the irresponsible operation of snowmobiles did not pose as severe a threat as the similar operation of cars, trucks and other devices. Thus, the dual-regulation scheme—one statute governing vehicles generally and one governing snowmobiles—can be said to have a rational basis. See generally *People v. Blackorby* (1992), 146 Ill. 2d 307, 318.

It should be noted that the Snowmobile Registration and Safety Act does place significant restrictions on the operation of snowmobiles. (See Ill. Rev. Stat. 1991, ch. 95 ½, par. 605—1 (now 625 ILCS 40/5—1 (West 1992)).) The legislature could have rationally believed that subjecting snowmobiles to all the regulations of the "rules of the road" was unnecessary given the extremely limited circumstances under which they are permitted on highways at all and the general prohibition of reckless driving contained in section 5—1.

We believe there is merit to the State's argument that the drunken operation of a snowmobile on a highway should subject the violator to the same penalties, including license suspension, as the drunken operation of a car or motorcycle. There is further merit to the suggestion that one who chooses to run his snowmobile on the road should be subject to the rules of the road, including appropriate penalties. However, we believe these arguments are properly addressed to the legislature. That body has, we believe, clearly demonstrated its intention that there should be two statutory schemes, one for cars (and other "vehicles") and one for snowmobiles. The legisla-

ture has demonstrated that it knows how to make the general requirements of the Vehicle Code applicable to snowmobiles when it wants to. See Ill. Rev. Stat. 1991, ch. 95½, par. 605—3(D) (now 625 ILCS 40/5—3(D) (West 1992)) ("Any person who operates a snowmobile on a highway as provided in Section 5—2 shall (1) possess a valid motor vehicle driver's license").

Generally, the legislature possesses broad powers to create offenses and prescribe penalties therefor. (*People v. Wade* (1989), 131 Ill. 2d 370, 379.) The legislature could properly determine that snowmobiling is a less dangerous activity than driving a car and could accordingly prescribe less severe penalties for violations involving the former.

We believe that until the legislature more clearly expresses its intention to apply the Vehicle Code to snowmobiles, the language of the definition of "vehicle" should be given its plain and ordinary meaning.

Defendant's convictions and sentences for the offenses of driving under the influence of intoxicating liquor, stop sign violation, and driving while license revoked are reversed and vacated. Defendant's conviction and sentences for illegal operation of a snowmobile and operation of a snowmobile without a license are affirmed.

Affirmed in part; reversed in part.

QUETSCH and COLWELL, JJ., concur.