THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN R. SCHAEFER, Defendant-Appellee.

Second District    No. 2—94—0413

Opinion filed August 15, 1995.

Dallas C. Ingemunson, State's Attorney, of Yorkville (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller, Paul Alexander Rogers, and Bonnie J. Bondavalli, all of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

The facts in this case are not in dispute. On September 8, 1993, at approximately 7:47 p.m., defendant, John R. Schaefer, was operating a bicycle northbound on Briarcliff Road in the Village of Montgomery, Kendall County, at the intersection of Route 30. The intersection is controlled by stoplights at all four corners. Defendant disobeyed the red light and proceeded into the intersection, causing a collision with the operator of a motorcycle. The operator of the motorcycle was travelling eastbound on Route 30 and had the right-of-way. The investigating officer found defendant lying in the grass. The officer detected a strong odor of alcohol emitting from defendant's mouth. Defendant's speech was slurred and his eyes were bloodshot. Before the collision, witnesses had seen defendant weaving his bicycle on the roads throughout the subdivision. Witnesses had also seen defendant holding a beer can just prior to the collision. The parties agree that defendant was uncooperative with the officer and refused a blood test for alcohol testing after being placed under arrest for driving while under the influence of alcohol in violation of the Illinois Vehicle Code (the Code). (See 625 ILCS 5/11—501(a)(2) (West 1994).) Defendant filed a motion to dismiss the driving-under-the-influence charge. Defendant argued that a bicycle was not a vehicle under section 1—217 of the Code. (See 625 ILCS 5/1—217 (West 1994).) Therefore, section 11—501(a)(2) could not apply to him in his status as bicyclist. On April 7, 1994, the trial court granted defendant's motion to dismiss. The State has filed its timely notice of appeal.

On appeal, the State argues that the trial court erred when it dismissed the charge of driving while under the influence of alcohol against defendant. The State asserts that the trial court failed to consider section 11—1502 of the Code, which states:

"Every person riding a bicycle upon a highway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this Code, except as to special regulations in this Article XV and except as to those provisions of this Code which by their nature can have no application." (625 ILCS 5/11—1502 (West 1994).)

The State reasons that since section 11—1502 forces bicyclists to obey the traffic laws and because section 11—501(a)(2) is a traffic law, section 11—501(a)(2) applies to defendant. The State also contends that there is nothing in the nature of section 11—501(a)(2) that would prevent it from applying to bicyclists. Finally, the State argues that the trial court erroneously relied upon the case of *People v. Staton* (1993), 248 Ill. App. 3d 799. We disagree and we affirm.

■ A recent case has held that under section 11—1502 a bicyclist is granted all rights and is subject to all duties of the Code. (*Syrcle v. Springer* (1992), 239 Ill. App. 3d 148, 155.) A bicyclist is also "chargeable with the knowledge that he is required to obey ordinary traffic laws." *La Pointe v. Boddy* (1981), 99 Ill. App. 3d 111, 115.

In terms of statutory construction:

"[T]he judiciary possesses the authority to read language into a statute which has been omitted through legislative oversight [citations], and *** a court may properly consider not only the language used in the statute, but also the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved [citation]. These rules, however, are premised on the fundamental principle of statutory construction, which is to give effect to the intent of the legislature. [Citations.]

A court's inquiry into the legislative intent behind a statute must necessarily begin with the language of the statute. [Citation.] This court has held that when the language of a statute is clear on its face, its meaning should be given effect without resort to supplementary principles of statutory construction." (*People v. Chandler* (1989), 129 Ill. 2d 233, 253.)

Courts "do not favor any construction that would raise legitimate doubts as to the constitutional validity of a statutory provision." (*People v. Scheib* (1979), 76 Ill. 2d 244, 252.) This is especially true with criminal statutes, because:

"Due process requires that the proscription of a criminal statute be clearly defined and provide sufficiently definite warning concerning the proscribed conduct when measured by common

understanding and practices. [Citation.] This is necessary so that 'the person of ordinary intelligence [has] a reasonable opportunity to know what is prohibited' and can act accordingly." (*Staton*, 248 Ill. App. 3d at 802, quoting *People v. Williams* (1990), 133 Ill. 2d 449, 452.) Criminal statutes "must be strictly construed in favor of the accused." *Chandler*, 129 Ill. 2d at 254.

In deciding whether driving a bicycle while intoxicated is criminal, the issue is whether the provisions of the Code are sufficiently definite to apprise a reasonable person of the proscribed conduct. We must begin our analysis with an examination of the relevant statutes.

■ Section 11—501(a)(2) states that "[a] person shall not drive or be in actual physical control of any vehicle within this State while *** under the influence of alcohol." (625 ILCS 5/11—501(a)(2) (West 1994).) Section 1—217 defines a vehicle as "[e]very device, in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power, devices used exclusively upon stationary rails or tracks and snowmobiles as defined in the Snowmobile Registration and Safety Act." (625 ILCS 5/1—217 (West 1994).) As already noted, section 11—1502 grants bicyclists all of the rights and subjects them to all of the duties applicable to "the driver of a vehicle by this Code, *** except as to those provisions of this Code which by their nature can have no application." (625 ILCS 5/11—1502 (West 1994).) Section 1—106 defines a bicycle as "[e]very device propelled by human power upon which any person may ride, having two tandem wheels except scooters and similar devices." 625 ILCS 5/1—106 (West 1994).

■ The plain language of section 1—217 excludes "devices moved by human power" from the definition of a vehicle. (625 ILCS 5/1—217 (West 1994).) Therefore, a bicycle is not a vehicle under the Code. Nevertheless, section 11—1502 subjects bicyclists to all of the duties applicable to "the driver of a vehicle by this Code, *** except as to those provisions of this Code which by their nature can have no application." (625 ILCS 5/11—1502 (West 1994).) There are two plausible interpretations of section 11—1502 when read in conjunction with section 11—501(a)(2): (1) since section 11—501(a)(2) applies only to vehicles, its very nature precludes it from being applied to bicyclists; and (2) since bicyclists are subject to all of the duties applicable to the driver of a vehicle by the Code, there is no impediment to applying section 11—501(a)(2) to bicyclists.

We determine that these two reasonable interpretations indicate that, when read in conjunction with section 11—501(a)(2), section 11—1502 is ambiguous. It is not this court's function to judicially

expand the scope of an ambiguous statute. (See *American Ambassador Casualty Co. v. City of Chicago* (1990), 205 Ill. App. 3d 879, 884.) As a result, section 11—1502, when read in conjunction with section 11—501(a)(2), must be narrowly construed and, in consideration of defendant's due process rights, it must be construed in his favor. We determine that the language of the relevant statutes is not sufficiently definite to give the person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. In other words, there is no clear and express legislative intent to apply section 11—501(a)(2) to bicyclists. We conclude that section 11—501(a)(2) does not apply to bicyclists.

The jurisdictions which have not applied the Illinois equivalent of section 11—501(a)(2) to bicyclists have a statutory scheme similar to Illinois'. (See *Clingenpeel v. Municipal Court for the Antelope Judicial District* (1980), 108 Cal. App. 3d 394, 398-400, 166 Cal. Rptr. 573, 576-77; *State v. Johnson* (1985), 203 N.J. Super. 436, 438-40, 497 A.2d 242, 243-44.) Other jurisdictions have applied the Illinois equivalent of section 11—501(a)(2) to bicyclists. However, in those jurisdictions, the legislative intent was clear and expressly within the statute. See *Commonwealth v. Brown* (1993), 423 Pa. Super. 264, 266-68, 620 A.2d 1213, 1214-15; *State v. Shepard* (1981), 1 Ohio App. 3d 104, 105-06, 439 N.E.2d 920, 921; *State v. Woodruff* (1986), 81 Or. App. 484, 486-87, 726 P.2d 396, 397.

The threat of an intoxicated bicyclist is somewhat less imposing than the threat of an intoxicated driver of a vehicle. This is attributable to the greater force, weight, and speed of a vehicle. Nevertheless, bicyclists who drive under the influence of alcohol pose some threat to the public safety. Even so, the statutes as they are written do not criminalize the behavior of a bicyclist who is driving while under the influence of alcohol. To hold otherwise would be tantamount to raising "legitimate doubts as to the constitutional validity" of the relevant statutory provisions. *Scheib*, 76 Ill. 2d at 252.

After careful consideration of the relevant statutes and case law, we conclude that the trial court did not err when it granted defendant's motion to dismiss the driving under the influence charge. Our analysis of this issue makes it unnecessary to address the State's argument that the trial court erroneously relied upon *Staton*.

For the foregoing reasons, we affirm the judgment of the circuit court of Kendall County.

Affirmed.

INGLIS and BOWMAN, JJ., concur.