THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LOUIS MARTINEZ, Defendant-Appellee.

Second District   No. 2—96—1517

Opinion filed May 8, 1998.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Constance Augsburger, of Law Offices of Dennis Schumacher, P.C., of Mt. Morris, for the People.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

The State appeals the order of the circuit court of Du Page County dismissing an indictment that charged defendant, Louis Martinez,

with driving while his license was suspended (625 ILCS 5/6—303 (West 1996)). The State contends that the court erred in dismissing the indictment on the ground that the all-terrain vehicle (ATV) defendant was driving was not a "motor vehicle" as contemplated by section 6—303.

The facts are simple and not in dispute. On October 17, 1994, defendant was driving an ATV on a public street in Bensenville. His license had been revoked because of earlier convictions of driving under the influence of alcohol and driving with a revoked license.

Defendant moved to dismiss the indictment. He argued that the statute prohibits being in actual physical control of a "motor vehicle" while one's driver's license is suspended or revoked and that the ATV he was driving was not a motor vehicle as defined by the Illinois Vehicle Code (the Code). See 625 ILCS 5/1—146 (West 1996). The trial court agreed and dismissed the indictment. After the court denied the State's motion to reconsider, the State filed a timely notice of appeal.

■ On appeal, the State argues simply that the plain language of the Code includes an ATV within the definition of a motor vehicle. In construing a statute, a court's primary duty is to ascertain and give effect to the legislature's intent in enacting the statute. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). The statutory language is usually the best indication of the drafters' intent, and the language should be given its plain, ordinary, and popularly understood meaning. *Collins*, 155 Ill. 2d at 111.

■ Defendant was indicted for violating section 6—303 of the Code, which provides as follows:

"Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked or suspended *** shall be guilty of a Class A misdemeanor." 625 ILCS 5/6—303(a) (West 1996).

A person guilty of a second or subsequent offense commits a Class 4 felony. 625 ILCS 5/6—303(d) (West 1996). The Code defines "vehicle" as follows:

"Every device, in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power, devices used exclusively upon stationary rails or tracks and snowmobiles ***." 625 ILCS 5/1—217 (West 1996).

Further, the Code defines "motor vehicle" as follows:

"Every vehicle which is self-propelled and every vehicle which is

propelled by electric power obtained from overhead trolley wires, but not operated upon rails, except for vehicles moved solely by human power and motorized wheelchairs." 625 ILCS 5/1—146 (West 1996).

■ Clearly, defendant's ATV is a vehicle because it is a "device[ ] in, upon or by which any person *** may be transported *** upon a highway." 625 ILCS 5/1—217 (West 1996). Furthermore, it is not a device propelled by human power or operated upon stationary rails, and it is not a snowmobile. It is also apparent that the ATV is a motor vehicle because it is self-propelled, is not operated upon rails, is not moved by human power, and is not a motorized wheelchair. The plain language of the statute demonstrates that an ATV is a motor vehicle.

In *Roberts v. Country Mutual Insurance Co.*, 231 Ill. App. 3d 713, 717 (1992), the court held that an ATV was a "motor vehicle" for purposes of an uninsured motorist insurance policy. The court noted that the Illinois Insurance Code required that uninsured motorist coverage be provided on every "motor vehicle" (Ill. Rev. Stat. 1989, ch. 73, par. 755a (now 215 ILCS 5/143a (West 1996))). Noting that the Insurance Code did not define that term, the court then looked to section 1—146 of the Illinois Vehicle Code and determined that that definition clearly included an ATV (Ill. Rev. Stat. 1989, ch. 95½, par. 1—146 (now 625 ILCS 5/1—146 (West 1996))).

Defendant correctly points out that *Roberts* applied the definition in the context of a civil statute rather than a criminal provision, which is required to be strictly construed in favor of the accused. However, this is merely a rule of construction and does not justify a court's ignoring the plain language of the statute.

On facts remarkably similar to those of this case, the Pennsylvania Superior Court concluded that an ATV was a "motor vehicle" within the meaning of the Pennsylvania Motor Vehicle Code, so that defendant was guilty of driving without a valid driver's license while operating it on a public street. *Commonwealth v. Predmore*, 347 Pa. Super. 195, 199, 500 A.2d 474, 475-76 (1985); see also *Fitch v. State*, 313 Ark. 122, 125, 853 S.W.2d 874, 876 (1993) (ATV was "motor vehicle" for purposes of Arkansas' driving while intoxicated statute); *cf. State v. Benolken*, 838 P.2d 280, 282 (Alaska App. 1992) (ATV fit definition of "motorcycle" under relevant statute and could not be driven on public highway without valid license).

Defendant posits three related arguments in an attempt to create an ambiguity in the statute. First, he argues that an ATV may generally be driven without a license. Second, he contends that an ATV cannot be a "motor vehicle" because the Code separately defines

"ATV." Third, he maintains that the Code contains a separate offense of driving an ATV on a public highway (see 625 ILCS 5/11—1426 (West 1996)). He argues that by creating this distinct offense the legislature did not intend that the general provisions of the Code apply to ATVs. We find these contentions unpersuasive.

Defendant cites no authority for his contention that an ATV may be driven without a license. We agree with the State that the only reason that one can usually operate an ATV without a driver's license is that an ATV is not intended to be driven on a highway. Once on a public highway it meets the statutory definition of a motor vehicle. The Pennsylvania court eloquently rejected this identical argument. The court stated:

> "It would frustrate the public safety purpose of the operator licensing laws to allow appellant to operate a vehicle on the highway merely because his use of the vehicle off the highway would not require the Commonwealth's consent." *Predmore*, 347 Pa. Super. at 199, 500 A.2d at 475-76.

Similarly, the Alaska court stated that "unlicensed three-wheeler operators should not be permitted to drive with impunity on the Alaska highways merely because the legislature does not require them to be licensed to drive the vehicles off road." *Benolken*, 838 P.2d at 282. We agree with these statements and reject defendant's argument for the same reason.

Defendant also contends that an ATV is not a motor vehicle because the Code contains a separate definition of "ATV" (see 625 ILCS 5/1—102.02 (West 1996)). However, the Code makes clear that ATVs are simply a subset of motor vehicles. The Code separately defines many items that are also motor vehicles, including "ambulance" (625 ILCS 5/1—102.01 (West 1996)), "bus" (625 ILCS 5/1—107 (West 1996)), "limousine" (625 ILCS 5/1—139.1 (West 1996)), "motorcycle" (625 ILCS 5/1—147 (West 1996)), and "passenger car" (625 ILCS 5/1—157 (West 1996)). Clearly, each of these devices also meets the definition of a motor vehicle. Defendant cannot seriously contend that none of these devices are motor vehicles and can be driven on a highway without a license, merely because the Code defines them separately for some purposes.

Defendant contends that the legislature evinced its intent not to consider an ATV a motor vehicle because it defined an ATV as a "device" rather than a vehicle. Defendant ignores the definition of a vehicle as a "device" (625 ILCS 5/1—217 (West 1996)). This contention is unpersuasive.

Finally, defendant contends that the licensing statute does not apply to ATVs because the Code contains a separate offense of driv-

ing an ATV on a public highway. However, the Code contains numerous offenses applicable to only particular types of motor vehicles. See, e.g., 625 ILCS 5/13—101 (West 1996) (second division vehicle required to undergo safety test). This does not mean that the Code's more generic provisions are inapplicable to these vehicles.

The cases defendant cites are distinguishable. In *People v. Schaefer*, 274 Ill. App. 3d 450 (1995), the court held that a bicyclist could not be convicted of driving under the influence of alcohol. The court noted that the plain language of section 1—217 excludes "devices moved by human power" from the definition of "vehicle." 625 ILCS 5/1—217 (West 1996). Thus, the bicycle could not be considered a vehicle. *Schaefer*, 274 Ill. App. 3d at 453-54. Although another provision of the Code declares that bicyclists are subject to the same duties as "the driver of a vehicle" (625 ILCS 5/11—1502 (West 1996)), the court held that this merely created an ambiguity in the statute which had to be resolved in favor of the accused. *Schaefer*, 274 Ill. App. 3d at 454. No such ambiguity is present here.

Similarly, in *People v. Staton*, 248 Ill. App. 3d 799 (1993), this court held that a person operating a snowmobile on a public street could not be convicted of DUI. We noted that snowmobiles are expressly excluded from the definition of "vehicle" and are regulated by a separate statute. *Staton*, 248 Ill. App. 3d at 802. Here, ATVs are not expressly excluded from the statutory definitions of "vehicle" or "motor vehicle." This evinces the legislature's intention that, unlike snowmobiles, ATVs not be exempted from compliance with the generic traffic laws if operated on a public highway.

The creation of a separate offense of driving an ATV on a highway does not alter this result. It is no defense to argue that defendant could also have been charged with some other violation. Just as the driver of a truck that had not had a safety test could also be guilty of speeding or some other traffic offense, a person driving an ATV on a highway is still subject to the other traffic laws while doing so.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and BOWMAN, JJ., concur.