500 A.2d 474

**COMMONWEALTH of Pennsylvania**

**v.**

**David PREDMORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1985.

Filed Nov. 8, 1985.

D. Bruce Cahilly, Coudersport, for appellant.

Jeffrey E. Leber, District Attorney, Coudersport, for Commonwealth, appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

Appellant challenges his conviction of driving while his operating privilege was suspended. Appellant's driver's license was initially suspended for refusing to take a blood test, and as a condition of his acceptance into an A.R.D. program, in connection with a charge of driving under the influence. While the suspension was in effect, appellant operated an unregistered three-wheel all terrain vehicle (A.T.V.) on a public highway.

Appellant concedes that he was in violation of the prohibition against driving an unregistered vehicle on the highway, but claims that: (1) the suspension of an operator's privilege does not prohibit operation of an A.T.V. since Pennsylvania does not require a driver's license to operate an A.T.V.; (2) an A.T.V. is not a "motor vehicle" for purposes of the statute prohibiting operation of a motor vehicle

during suspension of one's operating privilege; and (3) he had no notice that his right to operate an A.T.V. had been suspended. We agree with the court below that appellant's operation of an A.T.V. on a highway at a time his operating privilege was suspended violated Section 1543(b) of the Motor Vehicle Code.[1]

This court has addressed the issue of what constitutes a motor vehicle. *E.g., Gallo v. J.C. Penney Casualty Ins. Co.,* 328 Pa.Super. 267, 476 A.2d 1322 (1984) (snowmobile); *Bills v. Nationwide Mutual Ins. Co.,* 317 Pa.Super. 188, 463 A.2d 1148 (1983) (dune buggy). The issue in each of these cases was whether the device involved was a motor vehicle within the context of the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act).[2] *Id.* Under the No-fault Act a motor vehicle was defined as "a vehicle of the kind required to be registered under ... The Vehicle Code." 40 P.S.Sec. 1009.103. *See Bills,* 317 Pa.Superior Ct. at 190–192, 463 A.2d at 1150. These cases distinguish the term "motor vehicle" as used in the No-fault Act from the same term as used in the Motor Vehicle Code. *Gallo,* 328 Pa.Super. at 270–273, 476 A.2d at 1324–1325; *Bills,* 317 Pa.Super. at 190–192, 463 A.2d at 1150. It is clear that a device may be a motor vehicle under the Motor Vehicle Code, but not a motor vehicle for purposes of recovery under the No-fault Act. *Gallo,* 328 Pa.Super. at 270–275, 476 A.2d at 1324–1326; *Bills,* 317 Pa.Super. at 190–192, 463 A.2d at 1150. *See Bindernagel v. Nationwide Mutual*

1. Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at at time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days. 75 Pa.Con.Stat.Ann.Sec. 1543(b) (Purdon Supp.1985).

2. Act of July 19, 1974, P.L. 489, *as amended,* 40 P.S.Sec. 1009.101 et seq., *repealed,* Act of February 12, 1984, P.L. 26, Sec. 8(a) (effective October 1, 1984).

*Automobile Ins. Co.,* 335 Pa.Super. 419, 484 A.2d 773 (1984).

■ A motor vehicle is "(a) vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." 75 P.S. Sec. 102. Under this definition, provided by the Motor Vehicle Code, the A.T.V. is clearly a motor vehicle.

■ Appellant urges us to find that an A.T.V. is not a motor vehicle because no license is required to operate it, just as no license is required to operate a snowmobile. We have already determined that a snowmobile is a motor vehicle. *Gallo,* 328 Pa.Super. at 272–273, 476 A.2d at 1325. The reason no license is required for such vehicles is that they are not normally operated on the public roadways. *See* 75 P.S.Sec. 7721(a) ("Except as otherwise provided ..., it is unlawful to operate a snowmobile on any street or highway...."); 75 P.S.Sec. 1502(5) (persons operating farm equipment exempt from licensing requirement, operation restricted to one- and two-lane highways bisecting or immediately adjoining their residence); *Gallo,* 328 Pa.Super. at 272–277, 476 A.2d at 1325–1327.

When the Commonwealth issues a driver's license it is conferring upon the recipient the privilege of operating a vehicle on the *highways. See, e.g., Commonwealth v. Halteman,* 192 Pa.Super. 379, 162 A.2d 251 (1960) (operator's license "is a limited right to use a public highway"). The Commonwealth is exercising control over use of a public area, the highway, for the protection of the public. *See Commonwealth v. Gassoway,* 199 Pa.Super. 479, 185 A.2d 671 (1962) ("A license to operate a motor vehicle on the public highways is a privilege which the Commonwealth limits to those who can and will do so with a reasonable degree of safety to themselves and to the other users of the highways.").

■ Appellant had notice that his privilege to operate a motor vehicle on the highway was suspended. This was

sufficient to put him on notice that operation of any motor vehicle on the public roadway was in violation of this suspension.

Use of the highways is a privilege. Appellant's license was originally suspended for abuse of that privilege. It would frustrate the public safety purpose of the operator licensing laws to allow appellant to operate a vehicle on the highway merely because his use of the vehicle off the highway would not require the Commonwealth's consent.

Order affirmed.