## PennDOT v. Eller

*Kathryn Stevenson,* deputy attorney general, for the commonwealth.

*E. James Lucht,* for defendant.

LEVIN, *J.,* April 10, 1989—This matter is before the court on defendant Michael J. Eller's appeal from a license suspension. The facts of the instant case are not disputed. On May 21, 1988, while operating an all terrain vehicle (ATV) on private property, defendant slid on gravel into a public route and collided with a motorcycle. Defendant's ATV was neither insured nor registered at the time of the accident. The commonwealth suspended defendant's license for a three-month period pursuant to 75 Pa. C.S. §1785.

A hearing was held before this court to determine whether the commonwealth acted properly when it suspended defendant's license. The disposition of the case turns on two questions of law. The first issue is whether an ATV is a "motor vehicle" for purposes of section 1785 of the Motor Vehicle Code. Second, the court must determine whether a suspension imposed under 75 Pa. C.S. §1785 can be terminated immediately upon proof that financial responsibility has been obtained, when such proof is submitted before the three-month term expires.

Pursuant to 75 Pa C.S. §1785, the commonwealth is authorized to suspend the driving privileges of an uninsured motor vehicle operator involved in a reportable accident.

"§1785. Proof of financial responsibility following accident—

"If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle." 75 Pa. C.S. §1785.

Further, the Pennsylvania Code specifically provides that the length of such a suspension shall be three months. See 75 Pa. Code §219.7(a). The commonwealth will not restore operating privileges until the owner furnishes proof that financial responsibility has been obtained. 75 Pa. C.S. §1783.

The definition of *motor vehicle* under the Motor Vehicle Code (set forth below) is a broad one:

"*Motor vehicle*—A vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." 75 Pa.C.S. §102.

In the case of *Commonwealth v. Predmore,* 347 Pa. Super. 195, 500 A.2d 474 (1985), the Superior Court held that an ATV is a "motor vehicle" for purposes of 75 Pa. C.S. §1543(b), which provides sanctions for driving while under a previous license suspension term. As the *Predmore* court stated, "[i]t is clear that a device may be a motor vehicle under the Motor Vehicle Code, but not a motor vehicle for purposes of recovery under the No-fault Act." *Id.* at 197, 500 A.2d at 475. Although various subsections of Chapter 17 of the code specifically exclude certain vehicles from coverage under the act, all of Title 75 must be read as a whole. Using the rules of statutory construction, it follows that the broadest

definition of "motor vehicle" applies unless *specifically* excluded by the terms of the various subsections. Further, the terms of Chapter 77 of the Motor Vehicle Code, at 75 Pa.C.S. §7701 et seq., (dealing with aspects of snowmobile and ATV ownership) must be construed as part of the entire statute. It is assumed that the definition of "motor vehicle" remains consistently broad, absent an express exclusion to the contrary.

Thus the court holds that the definition of *motor vehicle* (in Title 75 at section 102), as interpreted by *Predmore, supra,* controls. Although specific language is used to exclude ATV's from the provisions of certain subsections, the court cannot read in exclusions where such exclusionary language does not appear.

Applying these rules to the case at bar, the court finds that an ATV is a motor vehicle for purposes of suspensions imposed under the Motor Vehicle Code. Further, the terms of the statute unambiguously mandate a full three-month suspension when an owner of a motor vehicle involved in a reportable accident did not maintain financial responsibility on the vehicle *at the time of the accident*. Defendant is incorrect in his interpretation of section 1783 (proof of financial responsibility before restoring operating privilege or registration, 75 Pa. C.S. §1783). That section does not provide for acceleration of the suspension term but rather permits the commonwealth to withhold operating privileges for a term *longer than* three months, until proof of financial responsibility is produced. If the legislature had intended for the suspension term to terminate immediately on proof of financial responsibility, regardless of whether the original three-month sanction period had expired, it would not have specifically set forth the three-month penalty in the Pennsylva-

nia Code. Defendant in the instant case did not maintain financial responsibility on the vehicle *at the time of the accident*. The penalty for this is a three-month operator's privilege suspension. The fact that defendant subsequently obtained financial responsibility on the ATV does not cut short his suspension period. As discussed above, the effect of 75 Pa. C.S. § 1783 is merely that defendant's term of suspension will last no more and no less than three months, provided he timely submits the requisite proof of financial responsibility.

Based on the above, defendant's appeal from license suspension is denied.

## ORDER

And now, April 10, 1989, it is hereby ordered, adjudged and decreed that defendant Michael J. Eller's appeal from a license suspension is denied.