**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**William GRIFFITH, Appellee.**

Superior Court of Pennsylvania.

Submitted March 10, 2008.

Filed May 21, 2008.

David W. Lupas, Asst. Dist. Atty, for Com., appellant.

William Ruzzon, Wilkes–Barre, for appellee.

BEFORE: STEVENS, PANELLA, and HUDOCK, JJ.

OPINION BY STEVENS, J.:

¶ 1 The Commonwealth appeals from the judgment of sentence entered by the Court of Common Pleas of Luzerne County on May 17, 2007, following Appellee's plea of guilty to possession of a controlled substance with intent to deliver, pursuant to 35 P.S. § 780–113(a)(30). Herein, the Commonwealth contends that the court imposed an illegal sentence by failing to comply with applicable mandatory sentencing provisions. We agree; consequently, we vacate the sentence and remand for proceedings consistent with this decision.

¶ 2 On July 23, 2006, Appellee was arrested and charged with possession of a controlled substance, possession of a controlled substance with intent to deliver, and possession of drug paraphernalia. On March 26, 2007, he pled guilty to the charge of possession with intent to deliver in connection with his possession of 8.4 grams of cocaine. Thereafter, the Commonwealth filed notice of its intention to seek a mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508(a)(3), which directs, in pertinent part, that a person "be sentenced to a mandatory minimum term of **imprisonment** and a fine" as follows: "when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in **prison** and a fine of $5,000[.]" 18 Pa.C.S.A. § 7508(a)(3)(i) (emphasis added). On May 17, 2007, the court sentenced Appellee to fourteen (14) to thirty-six (36) months of house arrest with electronic monitoring.

¶ 3 The Commonwealth has filed the present appeal raising the following question for review: "Did the trial court impose an illegal sentence by failing to comply with the applicable mandatory sentencing provisions when it imposed a sentence of intermediate punishment on a Defendant who was statutorily ineligible for such a sentence." Brief of Appellant at 4.

¶ 4 Initially, we note that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Kinney,* 777 A.2d 492, 494 (Pa.Super.2001) (citations omitted). In analyzing a trial court's application of a statute, our standard of review is plenary and limited to determining whether the court committed an error of law. *Commonwealth v. Bradley,* 575 Pa. 141, 149 n. 2, 834 A.2d 1127, 1131 n. 2 (2003).

¶ 5 When interpreting a statute, "[w]ords and phrases shall be construed to rules of grammar and according to their common and approved usage[.]" 1 Pa. C.S.A. § 1903(a). This Court cannot disregard the plain words of a statute when the language is free and clear from all ambiguities. 1 Pa.C.S.A. § 1921(b).

¶ 6 As noted above, 18 Pa.C.S.A. § 7508(a)(3)(i) provides a mandatory minimum term of "imprisonment" of "one year in prison" when a person is convicted in connection with at least 2.0 grams and less than ten grams of the compound or mixture at issue. Moreover, this directive applies "[n]otwithstanding any other provisions of this or any other act to the contrary...." 18 Pa.C.S.A. § 7508(a).

¶ 7 Herein, the trial court, in support of its sentence of house arrest, sets forth its

position that the legislature did not intend that an offender sentenced under § 7508 be required to serve the sentence exclusively in a correctional facility. In *Commonwealth v. Kriston*, 527 Pa. 90, 588 A.2d 898 (1991), the Supreme Court addressed whether time spent in an electronic home monitoring program should be counted towards a mandatory minimum sentence imposed pursuant to 75 Pa.C.S.A. § 3731 for driving under the influence of alcohol. The Court opined:

> We believe it would grossly distort the language used by the legislature if we were to conclude that the term "imprisonment" means merely "staying at home." The plain and ordinary meaning of imprisonment is confinement in a correctional or similar rehabilitative *institution*, not staying at home. The qualitative differences in treatment experienced by one who is confined in an institution, as opposed to one who merely stays at home, are too numerous and obvious to require elaboration. The legislature would not have intended that its use of the term "imprisonment" would be so diluted in effect as to encompass home monitoring programs.

*Id.* at 94, 588 A.2d at 899–900 (footnote omitted). In concluding that "a mandatory sentence of imprisonment is to be carried out through actual imprisonment in an institutional setting rather than through lesser means[,]" *Id.* at 96, 588 A.2d at 900,

the Court added that it "cannot intrude into the legislative realm to deal with the problem [of a heavily overcrowded prison system], by upholding home monitoring as a means of serving mandatory minimum sentences, where doing so would mean ignoring the plain language of legislation requiring 'imprisonment' of offenders." *Id.* at 96, 588 A.2d at 901 (footnote omitted).[1]

¶ 8 Moreover, pursuant to 42 Pa.C.S.A. § 9763(b)(16), (17), home electronic monitoring is a form of intermediate punishment. Only a person deemed an "eligible offender" may be sentenced to intermediate punishment, 42 Pa.C.S.A. § 9804(b)(1); and excluded therefrom is a person subject to a mandatory minimum sentence. 42 Pa.C.S.A. § 9721(a.1). *See Commonwealth v. Koskey*, 571 Pa. 241, 248, 812 A.2d 509, 514 (2002) (stating that, where the Legislature has prescribed a mandatory minimum sentence of imprisonment for a particular offense, the trial court lacks discretion to order any portion of the minimum sentence to be served in "alternative housing"); *Commonwealth v. Kyle*, 582 Pa. 624, 874 A.2d 12 (2005).[2]

■ ¶ 9 In the case *sub judice*, we find that Appellee's participation in an electronic home monitoring program does not constitute "imprisonment" within the purview of the mandatory minimum sentencing provisions of 18 Pa.C.S.A. § 7508. The trial court had no choice but to commit

---

1. In the case *sub judice*, the trial court, in rendering its determination of house arrest noted, *inter alia*: "[T]his court is cognizant of the reality that Luzerne County has limited resources and an already overburdened prison system." Trial Court Opinion filed 7/27/07 at 4.

2. In *Kyle*, the Supreme Court, in addressing the issue of whether a defendant who serves time under house arrest should be given credit to reduce his actual time of incarceration, noted that:

> While at home, an offender enjoys unrestricted freedom of activity, movement, and association. He can eat, sleep, make phone calls, watch television, and entertain guests at his leisure. Furthermore, an offender confined to his home does not suffer the same surveillance and lack of privacy that he would if he were actually incarcerated.

*Id.* at 639, 874 A.2d at 21, *quoting Commonwealth v. Wegley*, 574 Pa. 190, 196 n. 8, 829 A.2d 1148, 1151–52 n. 8 (2003).

Appellee as prescribed by § 7508(a)(3)(i); thus, the court committed an error of law in sentencing Appellee to house arrest with electronic monitoring. Consequently, we vacate the judgment of sentence and remand for resentencing.

¶ 10 Judgment of Sentence Vacated; Case Remanded for Resentencing; Jurisdiction Relinquished.