**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Chris Lee PANKO, Appellant.**

Superior Court of Pennsylvania.

Submitted May 11, 2009.
Filed June 30, 2009.

Albert J. Flora, Jr., Wilkes–Barre, for appellant.

Frank P. Barletta, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

BEFORE: STEVENS, SHOGAN, JJ., and McEWEN, P.J.E.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Luzerne County on June 6, 2008, at which time Appellant Chris Panko was sentenced in the standard range to fifty-two (52) months to one-hundred four (104) months in prison following his conviction of Theft by Unlawful Taking or Disposition[1] and Theft by Deception.[2] We affirm.

■ ¶ 2 On April 18, 2008, following a jury trial, Appellant was convicted of the aforementioned crimes. On June 19, 2008, Appellant filed a timely notice of appeal, after which on July 16, 2008, the trial court ordered him to file a concise statement pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time in which to file the statement, Appellant filed the same on August 11, 2008. In his brief, Appellant raises a single issue for our review: "Whether the sentence imposed is illegal because the fact necessary for a second-degree felony theft offense was never submitted to the jury and proven beyond a reasonable doubt." Brief for Appellant at 2.

Initially, we note that '[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.' *Commonwealth v. Kinney*, 777 A.2d 492, 494 (Pa.Super.2001) (citations omitted). In analyzing a trial court's application of a statute, our standard of review is plenary and limited to determining whether the court committed an error of law. *Commonwealth v. Bradley*, 575 Pa. 141, 149 n. 2, 834 A.2d 1127, 1131 n. 2 (2003).

When interpreting a statute, '[w]ords and phrases shall be construed to rules of grammar and according to their common and approved usage[.]' 1 Pa.C.S.A. § 1903(a). This Court cannot disregard the plain words of a statute when the language is free and clear from all ambiguities. 1 Pa.C.S.A. § 1921(b).

---

**1.** 18 Pa.C.S.A. § 3921(a).

**2.** 18 Pa.C.S.A. § 3922(a)(1).

*Commonwealth v. Griffith,* 950 A.2d 324, 325 (Pa.Super.2008). Furthermore, a fact that increases the maximum penalty or changes the grade of an offense must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[3]

¶ 3 Herein, Appellant asserts that Count One of the Criminal Information grades the Theft by Unlawful Taking charge as a second-degree felony and states that Appellant, a Red Cross volunteer, unlawfully took American Red Cross supplies (e.g. shovels, Gatorade, etc.), though it was not alleged therein that the theft occurred "during a natural disaster" as defined under 18 Pa.C.S.A. § 3903(a)(1) & (d).[4] Appellant asserts the trial court erred in failing to submit to the jury that the offense occurred during a natural disaster which fact was necessary to establish a second-degree felony and in failing to define the term "natural disaster" for the jury.[5] Thus, Appellant concludes the trial court imposed an illegal sentence. Brief for Appellant at 3–5.

**3.** In *Apprendi,* the United States Supreme Court held, *inter alia,* that a defendant's Fourteenth Amendment right to due process and Sixth Amendment right to trial by jury require that any fact other than the fact of a prior conviction which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. 2348.

**4.** 18 Pa.C.S.A. § 3903, entitled "Grading of theft offenses," provides: "(a) Felony of the second degree.—Theft constitutes a felony of the second degree if (1) The offense is committed during a manmade disaster, a natural disaster or a war-caused disaster and constitutes a violation of section 3921 (relating to theft by unlawful taking or disposition), 3925 (relating to receiving stolen property), 3928 (relating to unauthorized use of automobiles and other vehicles) or 3929 (relating to retail theft)." 18 Pa.C.S.A. 3903(a)(1). Moreover,

¶ 4 During the trial, the following exchange occurred on the record and in the presence of the jury:

[Commonwealth]: And, Your Honor, as a result, Commonwealth and defense reached a stipulation. One of the items that the Commonwealth is required to put into the record is that there was a disaster. I have here Exhibit No. 9, which we would move to admit, which is the Governor's proclamation of a disaster emergency on June 28, 2006.

The Court: All right.

(Whereupon, Commonwealth's Exhibit No. 9 was admitted into evidence.)

The Court: Ladies and gentlemen, quite simply, the two lawyers, the prosecution, and defense **have agreed that you can take it as proven because they stipulated that there was a proclamation concerning the flooding and that it was an emergency situation.**

[Commonwealth]: Thank you, Your Honor.

N.T., 4/18/08, at 322–323 (emphasis added).[6] In addition, we note that prior to

that section defines "natural disaster" as "[a]ny hurricane, tornado, storm, flood, high water, wind-driven water, tidal wave, earthquake, landslide, mudslide, snowstorm, drought, fire, explosion or other catastrophe which results in substantial damage to property, hardship, suffering or possible loss of life." 18 Pa.C.S.A. § 3903(d).

**5.** In its charge to the jury regarding Count One, the trial court did indicate Appellant exercised control over disaster relief supplies with the intent to deprive the American Red Cross of its property. N.T., 4/18/08 at 499–500.

**6.** Prior to trial, the Commonwealth discussed with defense counsel and the trial court its intent to request judicial notice or a stipulation that a proclamation of disaster had been made commencing June 28, 2006, and defense counsel indicated he had no problem

sentencing, defense counsel did not contest that Appellant's charges and convictions took into account the existence of a natural disaster. N.T., 6/6/08, at 4–5.

¶ 5 Interestingly, Appellant does not reference the aforementioned stipulation in his brief, but rather takes issue with the following findings of the trial court that: Appellant waived any challenge to the legality of his sentence; the Affidavit of Probable Cause indicated the theft had been committed during a natural disaster; defense counsel acknowledged Appellant was convicted of a theft during a natural disaster at sentencing; and the trial court provided an instruction to the jury indicating the movable property alleged to have been stolen was comprised of "disaster relief supplies." Brief for Appellant at 5–6.

¶ 6 Instead, Appellant claims an issue identical to that presented herein arose in *Commonwealth v. Kearns*, 907 A.2d 649 (Pa.Super.2006) wherein a panel of this Court held factual determinations that a victim was under twelve years of age and in the care, custody or control of the person who caused her death constituted elements of the offense of involuntary manslaughter graded as a felony of second degree, and thus, pursuant to *Apprendi, supra*, the defendant must admit those facts or a jury must find them. Ironically, while Appellant relies upon *Kearns* in support of his position, that case actually conflicts with his claims because in stipulating to the existence of a natural disaster, Appellant effectively admitted the same; had the defendant in *Kearns* admitted the child victim was under twelve years of age and under his care, this Court likely would have reached a different result.

¶ 7 Herein, Appellant clearly stipulated to the fact that a natural disaster had been declared when he committed his crimes.

with such a stipulation. N.T., 4/18/08, at 13–14.

Our Supreme Court has found that "where a mitigating circumstance is presented to the jury by stipulation, the jury is required by law to find that mitigating factor." *Commonwealth v. Marinelli*, 589 Pa. 682, 699, 910 A.2d 672, 681–682 (Pa.2006) *citing Commonwealth v. Rizzuto*, 566 Pa. 40, 777 A.2d 1069, 1089 (2001). Moreover, our Supreme Court has also found that where the language of a stipulation had been clear and unambiguous that the Appellant had no prior significant criminal history before his convictions for rape, involuntary deviate sexual intercourse and murder, by entering into the stipulation the defense was relieved of the burden of calling witnesses to prove the appellant had no criminal history prior to the current conviction. *Commonwealth v. Mitchell*, 588 Pa. 19, 71–72, 902 A.2d 430, 461–462 (Pa.2006), *reargument denied*, 589 Pa. 361, 909 A.2d 299 (2006), *cert denied, Mitchell v. Pennsylvania*, 549 U.S. 1169, 127 S.Ct. 1126, 166 L.Ed.2d 897 (2007).

¶ 8 In addition, in *Commonwealth v. Belak*, 573 Pa. 414, 420, 825 A.2d 1252, 1256 n. 10 (Pa.2003), the appellant essentially argued that under *Apprendi*, it was necessary for the trial court to submit the question of whether the victims of his burglaries had been present during the commission of the offenses for proof beyond a reasonable doubt because this fact made his burglaries crimes of violence, thus increasing his maximum sentence for his first-degree felony burglary conviction by thirty years. Upon noting that a challenge to the legality of a sentence cannot be waived, the Supreme Court determined this issue was not properly before it as the appellant first raised the same in his reply brief, rather than in his petition for allowance of appeal or in his initial brief to this Court.

¶ 9 Nevertheless, the Supreme Court also stressed that had the appellant prop-

erly preserved the issue for its review, he had stipulated at his sentencing hearing to the fact that individuals had been present when he committed his burglaries and relying upon *Rizzuto, supra,* found he "should not be permitted to contest the underlying facts of his burglary convictions on appeal for the purpose of obtaining relief under *Apprendi,*" citing *State v. Burdick,* 782 A.2d 319, 329 (Me.2001) (upholding sentence against an *Apprendi* challenge where the defendant did not challenge underlying fact of conviction during trial or sentencing but subsequently challenged that fact on appeal).

¶ 10 Applying the above logic to the instant matter, we find the trial court properly determined Appellant's theft offenses to be felonies of the second degree and sentenced him accordingly. As the Commonwealth notes in its brief, Appellant cannot now argue the Commonwealth failed to prove the existence of a natural disaster when he stipulated the Governor had declared the same on June 28, 1996. Indeed, in light of that stipulation, the jury was required to find that fact indeed existed under *Rizzuto, supra,* and its progeny. As such, we affirm his judgment of sentence.

¶ 11 Judgment of Sentence Affirmed.

¶ 12 McEWEN, P.J.E. FILES A CONCURRING STATEMENT.

CONCURRING STATEMENT BY McEWEN, P.J.E.:

¶ 1 The author of the majority Opinion, in his usual astute fashion, reveals a careful analysis and presents a perceptive expression of rationale in support of its decision that is consistent with precedent generally, and, specifically, with the recent decision of this Court in *Commonwealth v. Johnson,* 961 A.2d 877 (Pa.Su-

per.2008), *appeal denied,* 600 Pa. 774, 968 A.2d 1280 (2009). Therefore, I join in the ruling to affirm the judgment of sentence.

¶ 2 However, may I very respectfully note, that in my view a stipulated item of evidence remains mere "evidence" until accepted by the jury.[1] Thus, the preferred procedure, and one more consistent with the spirit of the guidance provided by the United States Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), would be to have the jury instructed on, and required to find, all of the "additional facts" that are necessary to support the imposition of a statutorily mandated increased sentence.

¶ 3 In any event I would, on this record, affirm the judgment of sentence.

---

1. *See: Commonwealth v. Kearns,* 907 A.2d 649, 658 (Pa.Super.2006).