J-A14002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY GIRIMONTI :
:
Appellant : No. 109 WDA 2019

Appeal from the Judgment of Sentence Entered December 11, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002566-2017

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 21, 2020**

Appellant, Anthony Girimonti, appeals from the judgment of sentence entered on December 11, 2018 in the Court of Common Pleas of Allegheny County. After careful review, we affirm the conviction, but we vacate the judgment of sentence and remand for resentencing.

On December 9, 2016, Appellant drove Victim and her friend to a bank to cash a check, and then drove them to a car dealership in Ohio so that Victim could purchase a vehicle. During the return trip, Appellant stopped his vehicle in an alleyway in McKees Rocks, and his three co-defendants, Lawrence Hite, Ronald Fehl, and Michelle Hite, approached Appellant's car and robbed Victim.

On December 29, 2016, Appellant was charged with two counts of robbery, 18 Pa.C.S. § 3701(a)(1)(iv); one count of receiving stolen property, 18 Pa.C.S. § 3925(a); one count of simple assault, 18 Pa.C.S. § 2701(a)(1);

and one count of criminal conspiracy, 18 Pa.C.S. § 903. An additional count of simple assault was added by information. On April 12, 2017, the Commonwealth filed a notice of its intent to try Appellant's case with his co-defendants. On October 23, 2017, Appellant filed a motion to sever his case from those of his co-defendants, which the trial court denied on November 22, 2017.

On January 16, 2018, Appellant filed a motion to dismiss his case pursuant to Pa.R.Crim.P. 600. The trial court held a Rule 600 hearing on February 14, 2018. On February 27, 2018, the trial court entered an order denying Appellant's Rule 600 motion. On August 20, 2018, Appellant filed a renewed motion to dismiss under Rule 600, which the trial court denied that day. In addition, on September 12, 2018, immediately prior to the commencement of trial, Appellant orally motioned to dismiss pursuant to Rule 600, which motion the trial court denied.

On September 14, 2018, a jury convicted Appellant of the crimes of receiving stolen property and conspiracy to receive stolen property and acquitted him of the remaining charges. On December 11, 2018, the trial court sentenced Appellant to serve a term of incarceration of one year less one day to two years less two days, plus three years of probation on the receiving stolen property conviction. For the conspiracy conviction, the trial court sentenced Appellant to serve a concurrent three-year term of probation.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. Whether the trial court abused its discretion by denying [Appellant's] multiple requests for dismissal due to a violation of Pa.R.Crim.P. 600, as it was error to attribute continuances requested by co-defendants to [Appellant], and these continuances were used by the co-defendants to negotiate plea agreements linked to testifying against [Appellant] at his trial, where the Commonwealth did not exercise due diligence in bringing the case to trial in a timely manner but rather trial was conducted 623 days after the criminal information was filed?

II. Whether [Appellant's] sentences for Receiving Stolen Property and Conspiracy-Receiving Stolen Property are illegal due to improper grading under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and *Alleyne* [*v. United States*, 570 U.S. 99 (2013)].

Appellant's Brief at 5.

Appellant first argues that the trial court abused its discretion in denying his requests for dismissal filed pursuant to Pa.R.Crim.P. 600. Appellant's Brief at 18-24. Specifically, Appellant alleges that the multiple postponements attributable to his co-defendants should be attributed to the Commonwealth. *Id*. Appellant contends that the postponements were actually Commonwealth postponements "in disguise," the sole purpose being for the Commonwealth to negotiate plea agreements with the co-defendants in order to gain testimony against Appellant. *Id*. at 21-22.

"When reviewing a trial court's decision in a Rule 600 case, an appellate court will reverse only if the trial court abused its discretion." *Commonwealth v. Bradford*, 46 A.3d 693, 700 (Pa. 2012). We recognize

that the courts of this Commonwealth employ a three-step analysis to determine whether Rule 600 requires dismissal of the charges against a defendant.

> The first step in determining whether a technical violation of Rule 600 […] has occurred is to calculate the "mechanical run date." The mechanical run date is the date by which trial must commence under the relevant procedural rule. [T]he mechanical run date is ascertained by counting the number of days from the triggering event - *e.g.*, the date on which … the criminal complaint was filed – to the date on which trial must commence under Rule [600]. Pa.R.Crim.P. [600(A)(3)].

*Commonwealth v. Preston*, 904 A.2d 1, 11 (Pa. Super. 2006) (internal citations omitted), appeal denied, 916 A.2d 632 (Pa. 2007). In the second step, we must "determine whether any excludable time exists pursuant to Rule 600(C)." *Commonwealth v. Ramos*, 936 A.2d 1097, 1103 (Pa. Super. 2007). In the third step, "[w]e add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." *Id*.

It is well settled that any delay occasioned by a defendant is excludable time in the calculation of the adjusted run date. Pa.R.Crim.P. 600(C)(2)-(3). "'Excusable delay' is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super. 2004).

> "Due-diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Commonwealth v. Booze*, 953 A.2d 1263, 1273 (Pa. Super.

2008) (quotations and quotation marks omitted). "Judicial delay may justify postponing trial beyond the adjusted run date if the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like.'" **Preston**, 904 A.2d at 14 (citation omitted).

**Commonwealth v. Lynch**, 57 A.3d 120, 124 (Pa. Super. 2012). Any time prior to trial, a defendant may move the trial court for dismissal of the charges if the Commonwealth has violated the Rule. Pa.R.Crim.P. 600(D)(1).

In **Commonwealth v. Kimbrough**, 872 A.2d 1244, 1260 (Pa. Super. 2005), this Court held that delays imposed by a co-defendant are excludable time for other co-defendants in the same matter for Rule 600 calculations. We explained that a delay caused by a joined co-defendant is excludable where a "separate trial could have required the duplication of testimony and evidence, and would have imposed the burden of two lengthy trials on the trial court." **Id**.

The trial court offered the following discussion pertaining to this issue:

> This [c]ourt heard argument on the Rule 600 motion on February 14, 2018. At that time, both the Assistant District Attorney and counsel for Appellant agreed that the case most on point was **Commonwealth v. Kimbrough**, 872 A.2d 1244, 1260 (Pa. Super. 2005). (Transcript of Motion hearing, February 14, 2018, hereinafter MT at 6, 10).
>
> * * *
>
> The case *sub judice* was charged as a four co-defendant case, where the underlying allegation is that the four named defendants conspired to rob the individuals in a car that Appellant was driving. At the time of the February 14, 2018 hearing, two of the other co-defendants had requested and were granted two postponements. The Commonwealth had not requested a postponement. Per **Kimbrough**, this time is excludable from Rule

- 5 -

600 consideration and this [c]ourt did not err in denying the Motion to Dismiss.

Trial Court Opinion, 5/21/19, at 4-5. Upon careful review of the record, we are constrained to agree.

Our review of the certified record reflects that the trial court held a hearing on Appellant's Rule 600 motion on February 14, 2018. During the hearing, the assistant district attorney explained that the Rule 600 adjusted run date had not yet expired due to postponements requested by Appellant's co-defendants. N.T., 2/14/18, at 11-12. Thereafter, the following transpired:

> [THE COURT]: So if we are talking about one postponement here, one co-Defendant postponement, that is the basis for [Appellant's] Rule 600 argument. That does change the dynamics, because the second postponement, if I'm understanding what [the Assistant District Attorney] is saying, at this point, doesn't impact the Rule 600 days, because the first [postponement] is the one that would be at issue in order to put [Appellant] behind the Rule 600 [calculation]. Am I misunderstanding what you're saying?
>
> [ASSISTANT DISTRICT ATTORNEY]: You're not misunderstanding, Your Honor. I'll just clarify, there were two defense postponements. One on July 31st by counsel for Mr. Hite [when new counsel was appointed], and the new trial date was November 13, 2017.
>
> The next postponement was on November 8th by counsel for Mr. Fehl, and the new trial date was March 5, 2018.
>
> * * *
>
> My argument was that the first postponement, entirely out of the hands of the Commonwealth, from counsel for Mr. Hite, will put the Rule 600 calculation at April 11th without even counting the second postponement.

N.T., 2/14/18, at 12-14.

The record further reflects that the trial court held a hearing on May 7, 2018, to address a request for postponement filed by Appellant's three co-defendants related to plea offers made by the Commonwealth. Appellant objected. N.T., 5/7/18, at 2. At the hearing, the trial court made the following observations regarding these additional requests for postponements made by Appellant's co-defendants:

> It's my understanding here as indicat[ed] on the postponement form, the victims and the officers were present here today. The victims are receptive to resolution of this matter that would include a pretrial restitution.
>
> And so the three [co-d]efendants other than [Appellant], are requesting a postponement in order to be able to accumulate the funds to make that pretrial restitution payment. I believe that is a reasonable [plea agreement] request from the Commonwealth [in the plea offer]. And particularly in light of the fact that the plea offers in the case, differ with regard of [Appellant], because of his prior record score. This postponement is appropriate and I will grant it.

N.T., 5/7/18, at 3-4. At the conclusion of the hearing, the trial court explained that the co-defendants had sixty days to secure the necessary funds, and if the matter was not resolved with the plea agreements, the trial court would set a trial date for thirty days later. *Id*. at 5.

The trial court then held a hearing on July 11, 2018, to address the plea agreements and the co-defendants' ability to procure the necessary funds to provide Victim with restitution. At the hearing, it was explained that the various co-defendants accumulated most, but not all of the monies necessary, and the need to finalize the amount due with Victim. N.T., 7/11/18, at 2-8.

The record further reveals that on August 20, 2018, Appellant's co-defendants filed a motion for continuance seeking an additional postponement. Stipulation To Supplement Certified Record, 10/28/19, at 3. "The postponement was requested for the co-defendants to finish paying restitution and 'complete plea objectives.'" *Id*. Said motion was granted by the trial court and the trial was set for September 12, 2019.

Thus, the record establishes that Appellant's co-defendants sought multiple continuances and postponements. One continuance was necessitated by a change of trial counsel for a co-defendant. In addition, multiple postponements were precipitated by co-defendants' endeavors to accept the terms of guilty plea offers. Appellant does not dispute that if the multiple continuance and postponements in question are attributed to him, his case does not conflict with Rule 600. Rather, as previously stated, Appellant hinges his argument on the supposition that his co-defendants' postponement requests were "actually Commonwealth postponements in disguise." Appellant's Brief at 21. However, the evidence of record fails to support Appellant's claim. As noted above, the multiple postponements related to the co-defendants' desires to plead guilty and satisfy a pretrial restitution requirement. Hence, we agree with the trial court that the delays attributed to the co-defendants are excludable time for Appellant for the purposes of Rule 600 calculations. *Kimbrough*, 872 A.2d at 1260. Accordingly, the trial

court did not abuse its discretion in denying Appellant's Rule 600 claim. Thus, Appellant's claim lacks merit.

Appellant next argues that his sentence was illegal because the trial court incorrectly graded his convictions as third-degree felonies, rather than first-degree misdemeanors. Appellant's Brief at 25-29. Specifically, Appellant asserts that his sentence is illegal because, contrary to **Apprendi v. New Jersey**, 530 U.S. (2000) and **Alleyne v. United States,** 570 U.S. 99 (2013), the trial judge, not the jury, determined the amount of money stolen, which established the grading of the offenses. **Id**. at 25. Appellant contends that the jury should have been required to determinate whether Appellant was culpable for the full amount taken from Victim, which was $2,700.00, or the amount that Appellant confessed to receiving, which was $350.00. **Id**. at 28. Appellant argues that only the jury should have made that determination to establish the grading of the offense. **Id**.

"A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." **Commonwealth v. Mendozajr**, 71 A.3d 1023, 1027 (Pa. Super. 2013) (citation omitted). "Issues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is de novo and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

After careful review, we conclude that the sentence imposed upon the counts of receiving stolen property and conspiracy to receive stolen property, which were graded as a third degree felonies, violated the constitutional principles set forth in **Apprendi**, 530 U.S. 466.[1]

18 Pa.C.S. § 3903 governs the grading of theft offenses, including receiving stolen property, and provides, in relevant part, as follows:

> **(a.1) Felony of the third degree.** -- [T]heft constitutes a felony of the third degree if the amount involved exceeds $2,000 . . . .
>
> * * *
>
> **(b) Other grades.**--Theft . . . constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:
>
> (1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or
>
> (2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S. § 3903(a.1), (b)(1-2). In addition, we observe that, for grading of a conspiracy conviction, 18 Pa.C.S. § 905 states: "Except as otherwise provided in this title, … conspiracy[ is a crime] of the same grade and degree

---

[1] In **Apprendi,** the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 490. **See also Commonwealth v. Panko**, 975 A.2d 1189, 1191 (Pa. Super. 2009) (citing **Apprendi** and noting that "a fact that increases the maximum penalty or changes the grade of an offense must be submitted to a jury and proven beyond a reasonable doubt.").

as the most serious offense which … is an object of the conspiracy."  Thus, Appellant's conviction of conspiracy to commit receiving stolen property is graded the same as a conviction of receiving stolen property.

In addressing this issue, we find instructive our recent decision in **Commonwealth v. Nellom**, 234 A.3d 695 (Pa. Super. 2020).  In **Nellom**, we concluded that the trial court erred in grading the appellant's conviction of theft of services as a third-degree felony.  **Id**. at 705.  Specifically, although the Commonwealth charged the appellant with theft of services graded as a felony of the third degree, the jury was presented with a verdict slip asking whether the "'value of the services obtained exceeded fifty dollars,' to which the jury answered 'yes.'"  **Id**.  We then observed that "the trial court, without objection by the Commonwealth, failed to present the jury with the essential questions necessary to elevate the grade of the offense from a misdemeanor of the second degree to either a misdemeanor of the first degree, or a felony of the third degree."  **Id**.  We ultimately held, pursuant to **Apprendi**, that the crime should have been graded as a second-degree misdemeanor.  **Id**.

Here, the Commonwealth charged Appellant, *inter alia*, with the crimes of receiving stolen property graded as a third-degree felony and criminal conspiracy graded as a second-degree felony.  However, our review of the record reflects that the verdict slip is not included in the certified record.  Our further review reflects that at the time the trial court issued jury instructions, it did not specify dollar amounts that correlated with the grading of any

offenses. N.T., 9/14/18, at 25-34. Likewise, the jury's verdict simply stated "guilty" as to the counts of receiving stolen property and conspiracy. *Id*. at 45. Moreover, the record lacks any indication that the jury was apprised of the grading of the crimes with which Appellant was charged.

Thus, the record reflects that the trial court, without objection from the Commonwealth, failed to present the jury with the essential questions pertaining to the dollar amounts necessary to discern the grade of the crimes for which Appellant was convicted. Because the facts surrounding the dollar amounts change the grade of the offenses, they must be submitted to a jury and proven beyond a reasonable doubt. *Panko*, 975 A.2d at 1191. Consequently, we are constrained to vacate Appellant's judgment of sentence and remand for resentencing.

Conviction affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2020