J-S04029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| IVAN GUADALUPE NUNEZ-HURTADO | : | |
| | : | |
| Appellant | : | No. 1071 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 17, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0002568-2020

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                                              **FILED MAY 5, 2023**

Appellant, Ivan Guadalupe Nunez-Hurtado, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas, following his jury trial convictions for theft by unlawful taking, receiving stolen property, two counts of conspiracy, and corruption of minors.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows.

> On May 19, 2020, during the height of the Coronavirus pandemic, Appellant…and his co-defendant, Darius Bolden, entered the City of Coatesville Police impound lot and committed the theft of an All-Terrain Vehicle (ATV).  Police located the abandoned ATV and apprehended Appellant on the stairs to the roof of the building where Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921(a); 3925; 903; and 6301(a)(1)(i), respectively.

abandoned the ATV.[2]  The Formal Information, filed on September 30, 2020, charge[d Appellant] with[:] one (1) count of theft by unlawful taking or disposition, one (1) count [of] receiving stolen property, one (1) count [of] criminal trespass, three (3) counts [of] criminal conspiracy, one (1) count [of] corruption of minors, and one (1) count [of] disorderly conduct.[3]

A two (2) day jury trial commenced on October 27, 2021 before the Honorable Judge Jacqueline C. Cody.  The trial concluded on October 28, 2021 and the jury found [Appellant] guilty of[:] one (1) count [of] theft by unlawful taking or disposition, one (1) count [of] receiving stolen property, one (1) count [of] criminal conspiracy to commit theft by unlawful taking or disposition, one (1) count [of] criminal conspiracy to commit receiving stolen property, and one (1) count [of] corruption of minors.  On December 20, 2021, one of the Honorable Judge Jacqueline C. Cody's criminal trial lists was reassigned to the Honorable Judge Alita A. Rovito due to Judge Cody's retirement on January 3, 2022.  Prior to [Appellant's] sentencing, before Judge Rovito on March 17, 2022, [Appellant] raised a claim, in his sentencing memorandum for the first time, regarding the proper grading of his convictions.  The Commonwealth requested the matter to be addressed by Judge Cody, as the trial judge.

On February 15, 2022, the parties appeared before Judge Cody to address the issue of grading.  On February 16, 2022, Judge Cody entered an Order grading [Appellant's] convictions on the charges of theft by unlawful taking, receiving stolen property, conspiracy to [commit] theft by

_____

[2] The trial court opinion provides a more detailed recitation of the underlying facts later in its opinion.  (*See* Trial Court Opinion, filed 8/5/22, at 3-8).  Those facts are not germane to our resolution of the issues on appeal.

[3] On September 29, 2021, the parties stipulated to amending the criminal information to the following charges: (1) theft by unlawful taking; (2) receiving stolen property; (3) conspiracy to commit theft by unlawful taking; (4) conspiracy to commit receiving stolen property; (5) corruption of minors; and (6) disorderly conduct.  The Commonwealth later withdrew the disorderly conduct charge.

unlaw[ful] taking, and conspiracy to [commit] receiving stolen property as felonies of the first degree. On February 23, 2022, Judge Cody entered an Amended Order, again, grading the above convictions as felonies of the first degree. Judge Cody entered a Second Amended Order on March 17, 2022 due to a mistake in the grading in the first two (2) orders. The final Order graded [the theft and conspiracy related] convictions as felonies of the third degree. [The court imposed an aggregate sentence that day of three years' probation[4]].

Appellant…filed [a timely] Notice of Appeal to the Superior Court on April 15, 2022 in the above-captioned matter. … The trial court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal on April [2]6, 2022. Appellant filed a Concise Statement on July 13, 2022 [following receipt of the transcripts]. …

(Trial Court Opinion, filed 8/5/22, at 1-3) (internal footnotes omitted).

Appellant raises two issues for our review:

Did the trial court improperly grade Theft by Unlawful Taking, Receiving Stolen Property, Criminal Conspiracy to commit Theft by Unlawful Taking and Criminal Conspiracy to commit Receiving Stolen Property? In light of *Apprendi v. New Jersey*[5], did the jury's verdict slip authorize the court to sentence Appellant on the above-mentioned offenses graded as felonies of the third degree?

Was the evidence insufficient as a matter of law for a conviction on the offense of Corruption of Minors, 18 Pa.C.S.A. § 6301 (a)(1)(i)? Specifically, was there insufficient evidence produced to show that the person whose morals would tend to be corrupted was under the age

_____

[4] Specifically, the court imposed consecutive terms of 12 months' probation for theft by unlawful taking, conspiracy to commit theft by unlawful taking, and corruption of minors. The receiving stolen property and conspiracy to commit receiving stolen property convictions merged for sentencing purposes.

[5] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

of 18?

(Appellant's Brief at 5).

In his first issue, Appellant argues that there was no finding by the jury as to the value of the item stolen or the type of item stolen. Specifically, Appellant avers the verdict slip did not contain a finding that the amount of the theft exceeded $2,000.00. Further, Appellant complains there was no finding by the jury that the property stolen was an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle. Lastly, Appellant contends there was no finding by the jury that Appellant was in the business of buying or selling stolen property. Appellant maintains that at least one of these findings was required to grade Appellant's theft offenses as felonies of the third degree. In sum, Appellant insists the Commonwealth failed to present the jury with the essential questions necessary to elevate the grading of the offenses from misdemeanors of the third degree to felonies of the third degree, namely (1) whether the amount exceeded $2,000.00; or (2) whether the item stolen was a motor-propelled vehicle; or (3) whether Appellant was in the business of buying or selling stolen property. Appellant concludes the court imposed an illegal sentence, and this Court must vacate and remand for the re-grading of the offenses at issue. We disagree.

In general, a defendant's "failure to contemporaneously object to the jury instructions or the verdict slip…operates as a waiver." *Commonwealth v. Matty*, 619 A.2d 1383, 1387 (Pa.Super. 1993). Nevertheless, "[a] claim

that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence" and is not waivable, assuming jurisdiction is proper. *Commonwealth v. Mendozajr*, 71 A.3d 1023, 1027 (Pa.Super. 2013).[6] "When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa.Super. 2010) (*en banc*).

In *Apprendi*, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi, supra* at 490, 120 S.Ct. at 2363. *See also Commonwealth v. Panko*, 975 A.2d 1189, 1191 (Pa.Super. 2009), *appeal denied*, 618 Pa. 686, 57 A.3d 69 (2012) (citing *Apprendi* and noting that "a fact that increases the maximum penalty or changes the grade of an offense must be submitted to a jury and proven beyond a reasonable doubt").

The Crimes Code provides for the grading of theft offenses, in relevant part, as follows:

**§ 3903.  Grading of theft offenses**

\*     \*     \*

**(a.1) Felony of the third degree.**—Except as provided in

---

[6] Appellant did not object to the verdict slip in this case.  Nevertheless, because Appellant's grading challenge implicates the legality of his sentence, we will review the merits of his issue on appeal. *See id.*

- 5 -

subsection (a) or (a.2), theft constitutes a felony of the third degree if the amount involved exceeds $2,000, **or the property stolen is an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle**, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

\* \* \*

**(b) Other grades.**—Theft not within (a), (a.1), or (a.2), constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S.A. § 3903(a.1), (b) (emphasis added). ***See also*** 18 Pa.C.S.A. § 905 (stating: "Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy").

The Vehicle Code defines a "motor vehicle" as "[a] vehicle which is self-propelled except an electric personal assistive mobility device or a vehicle which is propelled solely by human power." 75 Pa.C.S.A. § 102. This Court has held that an ATV "is clearly a motor vehicle." ***Commonwealth v. Predmore***, 500 A.2d 474, 475 (Pa.Super. 1985). ***See also Commonwealth v. Eliason***, 509 A.2d 1296 (Pa.Super. 1986), *appeal denied*, 517 Pa. 592, 535 A.2d 81 (1987) (holding three-wheeler vehicle falls within definition of "motor

vehicle" for purposes of Vehicle Code).

In *Commonwealth v. Nellom*, 234 A.3d 695 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 252 A.3d 593 (2021), on which Appellant heavily relies, a jury convicted the appellant of theft of services. On appeal, the appellant claimed the verdict was incomplete because it did not require the jury to find that the value of the stolen services exceeded $2,000.00, and that such deficiency resulted in an illegal sentence. Although the appellant did not object to the verdict slip, rendering any challenge to the language of the verdict slip waived, this Court considered the challenge to the improper grading of his offense a non-waivable challenge to the legality of his sentence. *See id.* at 704.

This Court explained that the theft of services statute provides that an offense constitutes a summary offense when the value of the services obtained or diverted is less than $50.00; when the value of the services obtained or diverted is $50.00 or more, the grading of the offense shall be established as set forth in Section 3903 (relating to grading of theft offenses). *See id.* at 704-05; 18 Pa.C.S.A. § 3926(c)(1-2). While the Commonwealth presented uncontradicted evidence that the total value of services obtained was $3,658.00, the only question posed to the jury on the verdict slip was whether the value of services obtained exceeded $50.00, to which the jury answered "yes." Consequently, this Court held:

> The effect of this verdict merely established that the offense was greater than a summary offense. *See* 18 Pa.C.S. §

3926(c)(1) (theft of services is a summary offense if the value of the services taken is fifty dollars or less).  However, the trial court, without objection by the Commonwealth, failed to present the jury with the essential questions necessary to elevate the grade of the offense from a misdemeanor of the second degree to either a misdemeanor of the first degree, or a felony of the third degree — namely, (1) whether the amount involved was between $200.00 and $2,000.00, or (2) whether the amount involved exceeded $2,000.00, respectively.  18 Pa.C.S. § 3903(b), (a.1).  Therefore, in light of *Apprendi*, we are obligated to conclude that the verdict on this count only authorized the trial court to sentence Appellant for theft of services graded as a misdemeanor of the second degree, the maximum sentence for which is two years.  *See* 18 Pa.C.S. § 1104(2).

*Nellom, supra* at 705 (internal footnote omitted).

Instantly, the trial court explained:

As a matter of law, an ATV is a vehicle.  Theft of an ATV is theft of a vehicle, graded as a felony of the third degree.  The trial court properly graded theft by unlawful taking, receiving stolen property, conspiracy to commit theft by unlawful taking, and conspiracy to commit receiving stolen property as felonies of the third degree for sentencing purposes.  …

(Trial Court Opinion at 11).[7]

_____

[7] We observe that the trial court and the Commonwealth also claim Appellant stipulated to the offenses being graded as third-degree felonies.  Upon our review of the record, however, we agree with Appellant that he stipulated only to amending the criminal information to **charging** him with those offenses as third-degree felonies.  (**See** Appellant's Brief at 20) (arguing that defense counsel agreed only that Commonwealth was withdrawing certain charges and going forth with others graded as third-degree felonies; "Just because the Commonwealth is attempting to prove a certain grading and the defense understands that the Commonwealth's intent pre-trial does not mean defense counsel stipulates pre-trial that the Commonwealth will meet its burden").  Appellant's stipulation to amending the charges did not alleviate the
*(Footnote Continued Next Page)*

We agree with the trial court that Appellant's theft offenses were properly graded as third-degree felonies for sentencing. While in *Nellom* the jury failed to specify a finding for the value of the theft of services obtained, there was no question in this case that the stolen property at issue was an ATV. (*See* N.T. Trial, 10/28/21, at 56) (where court is instructing jury on elements of offenses and makes clear that stolen property at issue is ATV). As the trial court correctly observed, an ATV is considered a motor vehicle as a matter of law. *See Predmore, supra*. Under these circumstances, *Nellom* is distinguishable from the facts of this case, and we see no violation of the principles espoused in *Apprendi* here. Therefore, Appellant's first issue on appeal merits no relief.

In his second issue, Appellant argues the Commonwealth presented insufficient evidence to demonstrate that Mr. Bolden was under the age of 18. Appellant claims the Commonwealth could have, but did not, introduce Mr. Bolden's driver's license, birth certificate, or an arrest record to show his age. Instead, Appellant contends the Commonwealth merely introduced testimony from Officer Himmel, during which the officer said that Mr. Bolden was 17 years old. Appellant maintains that Officer Himmel did not provide Mr. Bolden's birthdate or other evidence to confirm his statement that he was a minor. Appellant emphasizes that Mr. Bolden was not in the courtroom, so

---

Commonwealth's burden to prove that Appellant's offenses should be graded as third-degree felonies.

the jury could not assess his physical appearance to confirm his age. Appellant concludes the evidence was insufficient to sustain his conviction for corruption of minors, and this Court must grant relief. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

The Crimes Code defines the offense of corruption of minors, in relevant

- 10 -

part, as follows:

**§ 6301. Corruption of minors**

**(a) Offense defined.**—

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i). For purposes of the statute, "[a] person's age need not be proved only by direct testimony, but may also be proved by circumstantial evidence." *Commonwealth v. Nelson*, 467 A.2d 638, 640 (Pa.Super. 1983) (holding factfinder could reasonably infer that appellant was at least 21 years old based on evidence that appellant worked in bar, was drinking alcohol, and had lived in college dorm).

Instantly, the trial court reasoned:

The trial court correctly found there was sufficient evidence presented to enable the jury to find every element of the offenses charged, particularly the age required by the crime of corruption of minors, when reviewed in a light favorable to the Commonwealth. Review of the trial testimony and exhibits entered reveals ample evidence sufficient for the jury to find Appellant guilty beyond a reasonable doubt. The record is unambiguous regarding the age of [Mr.] Bolden.

Officer Himmel credibly testified as to his previous encounters with Mr. Bolden, his interactions with Mr. Bolden on the day in question, and the steps he took after taking [Appellant] and Mr. Bolden into custody, as the affiant. Officer Himmel testified to numerous encounters with Mr. Bolden while acting in his official capacity as a law

- 11 -

enforcement officer, both positive and negative in outcome, leading him to know Mr. Bolden as a minor on the day in question. Over the defense's objection, Officer Himmel specifically testified [Mr.] Bolden, "... was a juvenile. He was 17 years old." Officer Himmel also testified he "*Mirandized* [Mr. Bolden] with his parent or guardian present." While the trial court acknowledges there are numerous situations that require a third-party to be present for *Miranda* purposes, the most common situation necessitating a parent or guardian to be present when given "*Miranda* rights" involves minors.[8]

Of greater significance, Officer Himmel unambiguously identified Mr. Bolden, in Commonwealth Exhibit 3G, in a juvenile detention facility. Appellant's counsel did not question Officer Himmel regarding the steps taken after Mr. Bolden was taken into custody. Furthermore, Defense counsel did not object to the introduction or description given regarding Commonwealth Exhibit 3G, nor did Appellant ask questions pertaining to Commonwealth Exhibit 3G. The trial court and the jury are permitted to [draw] inferences from the picture of Mr. Bolden itself in determining his age. The only reasonable inference drawn from Officer Himmel's statement and the picture of Mr. Bolden in a juvenile detention facility is that Mr. Bolden is a minor under 18 years of age necessitating his confinement to a juvenile facility.

(Trial Court Opinion at 14-16) (internal citations and emphasis omitted).

We agree with the court's analysis. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to prove Mr. Bolden was a minor at the time of the offenses. *See Sebolka, supra*; *Nelson, supra*. Therefore, the Commonwealth presented sufficient evidence to convict Appellant of corruption of minors. *See* 18 Pa.C.S.A. §

_____

[8] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

6301(a)(1)(i).  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/05/2023